CHARLES A. WELLS *v.* BOSTON & MAINE RAILROAD.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 27, 1909.

*Carriers—Assault and Battery—Ejection of Passengers From Train—Exemplary Damages—Evidence—Res Gestae—Judgment—Res Judicata—Matters Concluded—Pleading in Estoppel—Necessity—Instructions.*

In an action against a railroad company for assault and battery plaintiff in his opening must prove, not only the assault and battery, but such other facts as in law make defendant responsible therefor.

In an action against a railroad company where the declaration charges an assault and battery and the wrongful ejection of plaintiff from a passenger train, plaintiff is entitled to show that he bought a ticket having three coupons, the first entitling him to ride to a fair, the second to attend the fair, and the third to return passage; that on his return the conductor took up his ticket; that later there was a change of conductors; that the new conductor, notwithstanding plaintiff's statement that he had surrendered his ticket, demanded the fare and on plaintiff's refusal to pay it forcibly ejected him.

A declaration for assault and battery need not state the injury with any inducement of defendant's motive or of the circumstances in which the injury was committed.

The order in which admissible evidence shall be received is in the discretion of the trial court.

At common law a judgment on the merits is conclusive evidence, between the same parties in a subsequent suit, of every question that was expressly or by necessary implication in issue, and which must necessarily have been decided in order to support the judgment.

But a judgment is not evidence in respect of any matter that was a mere collateral issue, nor of any matter only incidentally cognizable, nor of any matter inferable from the judgment only by argument.

In an action against a railroad company for wrongfully ejecting plaintiff from a passenger train, his evidence tended to show that he surrendered his ticket to the conductor who failed to give him anything as evidence of his right to a passage; that thereafter a new conductor demanded the ticket and, on plaintiff's failure to produce it, ejected him; that plaintiff through a friend thereupon paid the fare and continued his journey; and it appeared that later plaintiff recovered judgment against defendant before a justice of the peace for the money so paid. *Held*, that plaintiff's right to be on the train without producing a ticket or paying his fare was not expressly adjudicated in the action before the justice, but was a collateral matter which can only be inferred by arguing from that judgment and, hence, both at common law and under P. S. 1656, the admission of the former recovery as conclusive evidence that plaintiff was rightfully on the train when he was ejected, and of his right of recovery in the subsequent action, was error.

A defendant, failing to plead a former judgment between the parties, cannot take advantage of it by way of estoppel, though such judgment is in the case as evidence.

In an action against a railroad company for wrongfully ejecting plaintiff from a passenger train, testimony that one not called as a witness was in the same car with plaintiff and told the conductor that he saw a former conductor take up plaintiff's ticket, was but the narrative of a past occurrence, and inadmissible as part of the *res gestae;* nor was it admissible on the question of exemplary damages, since the disregard of a third person's statement in such circumstances did not tend to show that plaintiff was maliciously, wantonly, or recklessly ejected.

In an action for personal injuries, only such special damages may be shown as are the natural and proximate,—not the necessary,—consequences of the act complained of.

In an action against a railroad company for wrongfully ejecting plaintiff from a train and injuring him, evidence that plaintiff in con-

sequence of his injuries was unable to assist his workmen in cutting, manufacturing, etc., certain timber he had contracted to purchase, and was compelled to abandon the contract at a great loss, was inadmissible to show special damages, it appearing that the work he was rendered unable to do was but a small part of a business of considerable magnitude, and that the work might have been done by a competent employee.

In an action against a railroad company for wrongfully ejecting plaintiff from a passenger train, an instruction that if the jury found that plaintiff was entitled to recover, and that his ejection was wilful and malicious, they might award exemplary damages, was erroneous, as permitting an award of exemplary damages regardless of whether defendant was guilty of the wrong committed by its servant by directing, participating in, or subsequently approving it.

TRESPASS for assault and battery. Pleas, the general issue, and special plea in justification. Trial by jury at the October Term, 1907, Essex County, *Miles,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Young & Young,* and *Harry Blodgett* for the defendant.

Under the declaration and replication, plaintiff was not entitled to show that he was a passenger nor to show the purchase nor the taking up of a ticket. *Frye* v. *Cook,* 2 Aik. 342; *Perkins* v. *Walker,* 19 Vt. 144; *Trevivan* v. *Lawrence,* 1 Salk. 276; *Outram* v. *Morewood,* 3 East. 365; *Vooght* v. *Winch,* 2 B. & A. 662; *Stafford* v. *Clark,* 2 Bing. 381; *Wilson* v. *Butler,* 4 Bing. N. C. 756; *Isaacs* v. *Clark,* 12 Vt. 692; *Doe* v. *Huddart,* 2 C. M. & R. 316; *Magrath* v. *Hardy,* 4 Bing. N. C. 782; *Fowler* v. *Hait,* 10 Johns. 111; *Coles* v. *Carter,* 6 Cowen 691; *Bird* v. *Randall,* 3 Burr. 1353; *Dexter* v. *Hazen,* 10 Johns. 246; *Browne* v. *Wilde,* 12 Johns. 455; *Lyon* v. *Tallmadge,* 14 Johns. 511.

The justice judgment is a bar to this action. The transaction complained of gave rise to only one cause of action, and having elected to sue before the justice, plaintiff must be content with the recovery there obtained. 2 Words and Phrases 1015; *Emory* v. *Hazard Powder Co.,* 22 S. C. 476, 53 Am. Rep. 730; *Miller* v. *Hallock,* 9 Colo. 551; *Post* v. *Campau,* 3 N. W. 272;

*Fields* v. *Daisy Gold Min. Co.,* 73 Pac. 521; *Clarke* v. *Ohio River R. Co.,* 20 S. E. 696; *Atchinson, etc., Co.* v. *Rice,* 14 Pac. 229; *McCandless* v. *Inland Acid Co.,* 115 Ga. 968; *Baker* v. *State,* 109 Ind. 47; *Chalmers* v. *Glenn,* 18 S. C. 469, 471; *Howell* v. *Young,* 5 Barnewall & Cresswell 259; *Veeder* v. *Baker,* 83 N. Y. 156; *Mercantile Trust & Deposit Co.* v. *Roanoke, etc., Co.,* 109 Fed. 3; *U. S. of Am. for the Use and Benefit of J. G. Strait* v. *U. S. Fid. & Guaranty Co.,* 80 Vt. 84; *Whitney* v. *Clarendon,* 18 Vt. 252; *Smith* v. *Way,* 9 Allen 472; *Bennett* v. *Hood,* 1 Allen 47. The fare paid at Barton is one element of the damage to plaintiff resulting from defendant's wrongful act. *Hall* v. *Memphis & C. R.,* 15 Fed. 57; *Atchinson, Topeka & Sante Fe R. Co.* v. *Gants,* 38 Kan. 608; *Yorton* v. *Milwaukee, etc., Ry. Co.,* 6 Wis. 367; *Pennsylvania Railroad Co.* v. *Connell,* 112 Ill. 295; *Tex. & Pac. R. Co.* v. *Ludlum,* 52 Fed. 94; *Carsten* v. *Northern Pac. R. R. Co.,* 44 Minn. 454; *So. Kan. R. R. Co.* v. *Rice,* 38 Kan. 398; *Gorman* v. *Southern Pac. R. Co.,* 97 Cal. 1; *Pennsylvania R. Co.* v. *Connell,* 112 Ill. 295; *Vandusan* v. *G. T. R. Co.,* 97 Mich. 439; *Hamilton* v. *Third Ave. R. Co.,* 53 N. Y. 25; *Pullman Car Co.* v. *Reed,* 75 Ill. 125; *Little Rock & Fort Smith R. Co.* v. *Dean,* 43 Ark. 529. Two actions cannot be maintained for the same cause. It is a well established rule of law that a single cause of action cannot be split in order that separate suits may be brought for the various parts of what really constitutes but one demand. 1 Enc. of Pl. and Pr. 148; *Admr. of Whitney* v. *Clarendon,* 18 Vt. 252; *Perkins* v. *Walker,* 19 Vt. 144; *Hunt* v. *Paine,* 29 Vt. 172; *Heywood et al.* v. *Clark and Tr.,* 50 Vt. 612; *Morey* v. *King et al.,* 51 Vt. 388; *Warren* v. *Comings,* 6 Cush. 103; *Trask* v. *Hartford & New Haven Railroad Company,* 2 Allen 331; *Knowlton* v. *New York & New England Railroad Company,* 147 Mass. 606; *Marble* v. *Keyes,* 9 Gray 221; *Folsom* v. *Clemence,* 119 Mass. 473; *Sicor* v. *Sturgis,* 16 N. Y. 548; *Legg* v. *Britton,* 64 Vt. 652; *Wichita & C. R., etc., R. Co.* v. *Bebee,* 39 Kan. 465; *Gulf C. & S. F. R. Co.* v. *Bacon,* 3 Tex. Civ. App. 55; *Steiglider* v. *Mo. Pac. R. Co.,* 38 Mo. App. 511; *Lafayette* v. *Nagle,* 113 Ind. 425. Plaintiff cannot split up his cause of action and bring suit for different elements of damages. *Phillips* v. *Berick,* 16 Johns. 130; *Farrington & Smith* v. *Payne,* 15 Johns. 432; *Miller* v. *Covert,* 1 Wend. 487; *Guernsey* v. *Carver,* 8 Wend. 492; *Williams-Abbott Elec. Co.* v. *Model Elec. Co.,* 134 Ga. 965; *Bemis* v. *Jennings,* 46 Vt. 45; *Porter* v. *Gile et al.* 47 Vt. 620; *Bullard*

v. *Thorp,* 66 Vt. 599. Mistake does not justify second action. Taking judgment by mistake for a less sum than due will not justify the plaintiff in recovering the residue in a new action. 1 Enc. of Pl. and Pr. 150, note Mistake; *Ewing* v. *McNairy,* 20 Ohio St. 315; *Keokuk County* v. *Alexander,* 21 Iowa 379; *Wickersham* v. *Whedon,* 33 Mo. 561; *Saddler* v. *Apple,* 9 Humph. (Tenn.) 342; *U. S.* v. *Throckmorton,* 98 U. S. 65; *Folsom* v. *Clemence,* 119 Mass. 433; *Trask* v. *H. & N. H. R. Co.,* 2 Allen 331; *Knowlton* v. *N. Y. & N. E. R. Co.,* 147 Mass. 606.

The plaintiff having introduced this judgment, defendant is entitled to the full benefit thereof. *Lord* v. *Bigelow,* 8 Vt. 461; *Fry* v. *Cook,* 2 Aiken, 342; *Greenwood* v. *Smith,* 45 Vt. 37; *Latremouille* v. *B. & R. R. R. Co.,* 63 Vt. 336; *Bass* v. *Rublee,* 76 Vt. 395; *Outram* v. *Morewood,* 3 East. 364; *Young* v. *Rummell,* 2 Hill 478; *Perkins* v. *Walker,* 19 Vt. 144; *Stafford* v. *Clark,* 2 Bingham 377; *Gray* v. *Pingry,* 17 Vt. 419; *Hunt* v. *Payne,* 29 Vt. 172; *Atwood* v. *Robbins,* 35 Vt. 530.

Plaintiff had no right on the train unless he produced a ticket or paid his fare, and upon his failure to do either, should have left the train when requested so to do. *Southern Kan. R. Co.* v. *Hinsdale,* 38 Kan. 507; *Hibbard* v. *New York & Erie R. Co.,* 15 N. Y. 455; *Bradshaw* v. *So. Boston Railroad Company,* 135 Mass. 407; *Pennsylvania R. R. Co.* v. *Connell,* 112 Ill. 295, 18 A. & E. R. Cases 339; *Hall* v. *Memphis C. & R. Co.,* 15 Fed. 57; *So. Kan. R. Co.* v. *Rice,* 38 Kan. 398, 34 A. & E. R. Cases 320; *Vandusan* v. *Grand Trunk Ry. Co.,* 97 Mich. 439; *Mosher* v. *St. Louis I. M. & S. R. Co.* 127 U. S. 390; *Downs* v. *New York & New Haven R. R. Co.,* 36 Conn. 287, 4 Am. Rep. 77; *Shelton* v. *Lake Shore & M. S. R. Co.,* 29 Ohio St. 214.

Damages on account of the lumber contract are not recoverable. *Carsten* v. *Northern Pac. R. Co.,* 44 Am. & Eng. R. R. Cases 392; *Brown* v. *Cummings,* 7 Allen 507; *Dickinson* v. *Boyle,* 17 Pick. 78; *Boyce* v. *Bayliffe,* 1 Camp. 58; *Moore* v. *Adam,* 2 Chit. R. 198; *Barnham* v. *Baltimore & Ohio R. R. Co.,* 5 W. Va. 10.

Plaintiff cannot be allowed exemplary damages in this case. *Lake Shore & M. S. R. Co.* v. *Prentice,* 147 U. S. 101; *Willett* v. *St. Albans,* 69 Vt. 330; *Boutwell* v. *Marr,* 71 Vt. 1; *Hamilton* v. *Third Av. R. Co.,* 53 N. Y. 25; *Cleghorn* v. *N. Y. C. & H. R. R. Co.,* 56 N. Y. 44.

*Howe & Hovey* for the plaintiff.

This justice judgment was offered as conclusive evidence of the fact that the plaintiff had paid his fare and was rightfully on the defendant's train at the time of the assault. In order to make it admissible for this purpose it was not necessary that it be set forth in the declaration or in the replication. This judgment, if relied upon by the defendant as a bar to a second suit, should have been pleaded, but this rule does not apply where the judgment, instead of being relied upon in bar of the action, is set up as conclusive of some particular fact formerly in issue and adjudicated; in that case it need not be pleaded in order to make it competent and conclusive evidence of the fact which it was offered to prove. *Frye* v. *Cook,* 2 Aik. 342; *Blodgett* v. *Jordon,* 6 Vt. 580; *Gray* v. *Pingry,* 17 Vt. 419; *Whitney* v. *Clarendon,* 18 Vt. 252; *Walker* v. *Chase,* 53 Me. 258; *King* v. *Chase,* 15 N. H. 9; *Bethlehem* v. *Watertown,* 51 Conn. 490; *Offutt* v. *John,* 8 Mo. 120; *Krekeler* v. *Ritter,* 62 N. Y. 372; *Marston* v. *Swett,* 66 N. Y. 206; *Southern Pac. Ry. Co.* v. *U. S.,* 168 U. S. 1; *Codd* v. *Parker,* 97 Md. 319; *Briggs* v. *Milburn,* 40 Mich. 512; *New Brunswick* v. *Cramer,* 61 N. J. L. 270.

Where the record of a former judgment does not show the precise point litigated, parol evidence is admissible to show it, and when this is shown, the judgment is as conclusive as if all were shown by the record. *Isaacs* v. *Clark,* 12 Vt. 692; *Perkins* v. *Walker,* 19 Vt. 144; *Atwood* v. *Robbins,* 35 Vt. 530; *Warwick* v. *Underwood,* 3 Head, 238, 75 Am. Dec. 767; *Doty* v. *Brown,* 4 N. Y. 71.

Whether the justice judgment is wrong or right from a legal standpoint, the point actually determined in that adjudication, if any, is that Wells paid his fare twice. The justice could not upon any theory either legal or otherwise have rendered a judgment for the plaintiff without finding that Wells had paid the first fare. This judgment whether right or wrong is conclusive evidence of that fact, and being evidence of that fact it is conclusive evidence of the plaintiff's right to recover in this action because if he paid the first fare he was rightfully on the train, and the defendant by its pleadings and evidence offers no defence to this action except its right to remove the plaintiff because of a refusal to pay his fare. *Cabot* v. *Washington,* 41 Vt.

8

168; *Spencer* v. *Dearth,* 43 Vt. 98; *Lindsey* v. *Daniell,* 46 Vt. 144; *Porter* v. *Guild,* 47 Vt. 620; *Morey* v. *King,* 49 Vt. 304; *Hodges* v. *Eddy,* 52 Vt. 434; *Currier* v. *Richardson,* 63 Vt. 617; *Bacon* v. *Hunt,* 72 Vt. 98; *So. Pac. Ry. Co.* v. *U. S.,* 168 U. S. 1; *Cromwell* v. *Co. of Sac,* 94 U. S. 351; *Merriam* v. *Whittemore,* 5 Gray 316; *Sawyer* v. *Woodbury,* 7 Gray 499; *Jennison* v. *Springfield,* 13 Gray 544; *Burlin* v. *Shannon,* 14 Gray 433; *Dexter* v. *Whitbeck,* 46 Conn. 224; *Heffron* v. *Knickerbocker,* 51 Ill. Ap. 291; *Adams* v. *Smith,* 9 Pac. 337; *Beach* v. *City of Elmira,* 11 N. Y. Sup. 913; *Merschein* v. *Musical Mutual Protective Union,* 8 N. Y. Sup. Ct. 702.

If the causes of action involved in the two suits are not the same, whatever may be the effect of the judgment as evidence, it is no bar to the maintenance of a subsequent suit. *Town* v. *Lamphere,* 34 Vt. 144; *Sawyer* v. *McIntire,* 18 Vt. 27; *DeSoller* v. *Hanscome,* 158 U. S. 216; *Russell* v. *Place,* 94 U. S. 606; *Eastman* v. *Simonds,* 108 Mass. 567; *McDowell* v. *Langdon,* 3 Gray 513; 23 Cyc. 1155-1157 and cases there cited.

The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence that is necessary to sustain the second action would have been sufficient to authorize a recovery in the first; if so the prior judgment is a bar. But if the evidence offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiff in the first suit is no bar to his recovery in the second, although it is for the same cause of action. *Gates* v. *Gorham,* 5 Vt. 317; *Riker* v. *Hooper,* 35 Vt. 457; *Percy* v. *Foote,* 35 Conn. 102; *Taylor* v. *Castle,* 42 Cal. 367; *Stone* v. *United States,* 64 Fed. 667; *Gayer* v. *Parker,* 24 Neb. 643, 8 Am. St. Rep. 227; *Stowell* v. *Chamberlin,* 60 N. Y. 272; *Marsh* v. *Pier,* 4 Rawle 273, 26 Am. Dec. 131; *Bank* v. *Lewis,* 8 Pick. 113; *Clark* v. *Blair,* 14 Fed. 812; *Stoops* v. *Woods,* 45 Cal. 439; *Salem India Rubber Co.* v. *Adams,* 23 Pick. 256.

The plaintiff having advanced money upon an executory contract to carry him from Lyndonville to Sherbrooke and return, and the defendant having failed to perform said contract, the plaintiff could at his election either sue upon the agreement and recover damages for the breach, or treat the contract as rescinded and recover his money as paid upon a consideration which had failed. *Lyon* v. *Annable,* 4 Conn. 350; *Brown* v. *Harris,* 2 Gray

359; *Hill* v. *Rewee,* 11 Metc. 268; *James* v. *Hodsden,* 47 Vt. 126; *Gifford* v. *Willard,* 55 Vt. 36; *Welch and Vance* v. *Darling,* 59 Vt. 136.

In the case of a common carrier there is no room for discussion as to whether an assault was committed by the servant while acting within the scope of his employment, since it is the duty of the corporation to carry the passengers safely and a particular servant having been appointed by it to discharge this duty, if the servant from whatever motive or for whatever purpose committed an assault upon the passenger, the corporation is liable. *Denver Railroad Co.* v. *Harris,* 122 U. S. 597; *Moore* v. *Fitchburg R. R. Co.,* 4 Gray 465; *Ramsden* v. *Boston & Albany R. R.* 104 Mass. 117; *Coleman* v. *N. Y. & N. H. R. R.,* 106 Mass. 160; *Passenger R. R. Co.* v. *Young,* 21 Oh. St. 518; *Isaacs* v. *3rd Avenue R. R.,* 47 N. Y. 122; 7 Am. Rep. 418.

WATSON, J.   The first count of the declaration alleges in detail an assault and battery at Barton, including "and also, then and there, with great force and violence shook and pulled about the plaintiff, and threw and cast the plaintiff out of and from a certain railroad passenger car, and cast and threw [him] down to and upon a certain wooden platform then and there situated," and special damages.   Pleas, the general issue, and special in justification that at the time when, etc., the plaintiff, riding in a certain car of defendant's train through the towns of Newport and Barton to Lyndonville, on proper request by the conductor in charge of the train, refused to pay his fare or to produce a ticket as evidence of payment thereof, whereupon by reason thereof, the defendant by its said conductor, using no more force than was necessary, ejected the plaintiff from the car.   The plaintiff replied *de injuria.*

Subject to objection and exception on the ground that the evidence was not admissible under the declaration, the plaintiff was permitted to show that on the morning of September 7, 1905, he purchased a .ticket at Lyndonville, having three coupons, the first entitling him to ride over defendant's railroad from there to Sherbrooke, the second, to attend the fair at Sherbrooke, and the third, to a ride over defendant's railroad from Sherbrooke back to Lyndonville on the same day; that the plaintiff rode to Sherbrooke, surrendering the first coupon, attended the fair, surrendering the second coupon, and took the train at Sherbrooke late in the afternoon to ride back to

Lyndonville; that between Sherbrooke and Newport the conductor of the train took up the third coupon, returning nothing to the plaintiff to show that he had paid his fare from Newport to Lyndonville; that at Newport some changes were made in the train, and also a change of conductors; that when the conductor south of Newport called upon the plaintiff for his fare the plaintiff told him he had a ticket from Sherbrooke to Lyndonville and that the conductor north of Newport took it up and retained it, whereupon the conductor told plaintiff he must pay his fare, which he refused to do, or be put off; that when the train stopped at Barton station, the plaintiff again refusing to pay his fare, the conductor ordered him to leave the train, and as the plaintiff refused to do so, he was forcibly ejected.

The admission of this evidence was not error. To make out his opening case it was necessary for the plaintiff to prove not only the assault and battery, but also such facts as in law make the defendant responsible therefor. And it is not essential that the declaration state the injury with any inducement of the defendant's motive or intent, or of the circumstances under which the injury was committed. 1 Chitty, Pl. 14th Am. Ed. 387. Whether the evidence went beyond what was necessary to the opening case we need not inquire; since under the special pleadings it was all admissible at some stage of the trial, and even though somewhat varied from the regular order, the variance was within the discretion of the court, and it is not manifest that the defendant was put to any disadvantage thereby. *State* v. *Magoon,* 50 Vt. 333.

That the plaintiff purchased and had such a ticket was not denied by the defendant. Its evidence however tended to show that the conductor north of Newport did not retain the ticket, but punched it, and returned it to the plaintiff; that when the train reached Barton the plaintiff refusing to produce a ticket, pay his fare, or get off the train, the conductor and a brakeman ejected him from the train, using no more force than was necessary to accomplish that purpose; and that the plaintiff had the same ticket in his possession several days afterwards.

It appeared that immediately after the plaintiff had been ejected, his fare from Newport to Lyndonville was paid to the conductor by a friend of the plaintiff, and that the plaintiff then returned to the same car and rode therein to Lyndonville, on the way paying the friend the amount of the fare so paid by him.

It further appeared that subsequently thereto and before the commencement of this suit, the plaintiff brought his action of assumpsit against the defendant, before a justice of the peace, to recover the money thus paid at Barton, and such proceedings were had therein that a judgment was rendered for the plaintiff to recover the amount so paid and costs of suit. No appeal therefrom was allowable by law. Subject to defendant's objection and exception the plaintiff was allowed to introduce a certified copy of this judgment as conclusive evidence that the plaintiff was rightfully on the train at the time he was ejected, and also as conclusive of the plaintiff's right of recovery in this case. The latter question was also raised by exception to the charge.

The judgment in question falls within the purview of the statute which reads: "No judgment of a justice where an appeal is not allowed shall be an estoppel upon a question or matters not therein expressly adjudicated, and no right of recovery shall thereby be established upon a collateral matter." P. S. 1656. The general rule is that a verdict and judgment is conclusive evidence between the same parties in a subsequent suit, of whatever it was necessary for the jury to find in order to warrant the verdict in the former action, and no further. *Town* v. *Lamphere,* 34 Vt. 365. It is not necessary to the conclusiveness that the issue should have been taken in the former action upon the precise point which it is proposed to controvert in the subsequent suit. It is enough if that point was essential to the former judgment. 1 Greenl. Ev. Sec. 534. In other words, every point that was expressly or by necessary implication in issue, which must necessarily have been decided in order to support the judgment, is concluded. *Board of S.* v. *M. P. R. R. Co.,* 24 Wis. 93, 124. In the former suit the question directly and distinctly put in issue was the plaintiff's right to recover of the defendant the money paid to it at Barton for his passage from Newport to Lyndonville. The result depended upon whether the plaintiff had previously paid for the same passage, within the meaning of the law, that is, whether his ticket to Lyndonville was taken up by the conductor north of Newport without giving him anything as evidence in lieu of the ticket of his right to a passage through. If he had, then the money paid at Barton was a second payment for the same thing, and it was held by the defendant to the plaintiff's use. On the other

hand, if the plaintiff had not made such previous payment, then the money paid at Barton was for a valuable consideration and not recoverable. See *Jerome* v. *Smith,* 48 Vt. 230, 21 Am. Rep. 125. The plaintiff's right to be upon the train when ejected, without producing a ticket or something equivalent thereto, or paying his fare, likewise depended on whether such previous payment had been made. Yet this right was not a question expressly adjudicated. It was a collateral matter which can only be inferred by arguing from the judgment. And aside from the statute a judgment is not evidence of any matter which came collaterally in question merely, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment. The Duchess of Kingston's Case, 20 St. Tr. 361, 2 Smith's Lead. Cas.* 573; *Hopkins* v. *Lee,* 6 Wheat. 109, 5 L. ed. 218; *Lawrence* v. *Hunt,* 10 Wend. 81, 25 Am. Dec. 539; *Campbell* v. *Consalus,* 25 N. Y. 613; *King* v. *Chase,* 15 N. H. 9, 41 Am. Dec. 675; *Kitson* v. *Farwell,* 132 Ill. 327, 23 N. E. 1024; *McCravey* v. *Remson,* 19 Ala. 430, 54 Am. Dec. 194. It follows that both under the statute and at common law the admission of the former recovery as conclusive evidence that the plaintiff was rightfully on the train at the time of his ejectment, and of his right of recovery in this action, was error, as was also the charge giving it such conclusive effect.

The defendant contends that the former recovery is a bar to this action, and that since the plaintiff introduced it in evidence the defendant is entitled to the full benefit thereof. It is a sufficient answer to this position that the defendant cannot take advantage of the judgment by way of estoppel, he not having pleaded it as such; and the fact that it is in the case as evidence does not change the rule in this respect. *Briggs* v. *Mason,* 31 Vt. 433; *Poole* v. *Massachusetts Mut. Acc. Asso.,* 75 Vt. 85, 53 Atl. 331.

The plaintiff was permitted to introduce testimony that one Ben Taylor, a person not called as a witness, was in the same car as was the plaintiff between Newport and Barton, and that Taylor told the conductor that he saw the conductor above Newport take up plaintiff's ticket. It is urged by the plaintiff that the evidence was properly received, first, as part of the *res gestae,* and secondly, as bearing on the question of exemplary damages. The evidence, however, was not admissible on either ground. Not on the first, since it was but the narration of a past occur-

rence (1 Greenl. Ev. Sec. 110) ; nor on the second, for the disregard of a third person's statement in such circumstances does not tend to show the act of the conductor in ejecting the plaintiff to have been maliciously, wantonly, or recklessly committed. If the evidence had any tendency, it was that the conductor was performing his duty as required by Rule 579, furnished by the defendant to all conductors of its passenger trains, and introduced in evidence by the plaintiff, which provides: "The conductor will not permit any person * * * to ride on his train without a ticket or pass, except those provided for by rule."

As bearing on the question of special damages and subject to defendant's exception, the plaintiff was permitted to introduce evidence tending to show that at the time of the assault he had a parol contract with the Moose River Lumber Company whereby he purchased of that company at eight dollars per thousand feet stumpage the standing timber on a certain lot, and that the amount of timber was estimated by the company at 700,000 feet; that the first winter after the assault and because of the injury resulting therefrom, he could not be around with his men cutting and hauling the logs more than probably half the time, and could do but little of all kinds of work connected therewith; that because of this injury he was not well enough to go on with the cutting and manufacturing of this lumber, and had to abandon his contract of purchase and give it up to the Moose River Lumber Company; that at the time of such abandonment he had cut, manufactured and sold lumber to the amount of 165,000 feet, and the completion of the work would have occupied another year; that he then had a contract with the Northern Lumber Company whereby it was to have the manufactured lumber subject to the prices as they should range in the market; that in doing the work he employed choppers in the woods, some teams besides his own with teamsters in hauling the logs, and help at his mill in sawing, etc.; that the plaintiff never kept any exact account but as near as he could tell he made five dollars profit per thousand feet on the lumber manufactured and sold, and estimated that he could have made the same profit on the rest of the lumber had he not been obliged to abandon his contract of purchase.

Without considering the sufficiency of the declaration in this respect, when properly alleged only such special damages may be shown as are the natural and proximate (not the necessary)

consequences of the act complained of. *Roberts* v. *Graham,* 6 Wall. 578, 18 L. ed. 791; *Brown* v. *Cummings,* 7 Allen 507. In the case at bar the wrongful act at most but partly disabled the plaintiff from personally performing work in cutting, hauling, manufacturing, etc., the lumber, which he otherwise would have done in connection with the carrying out of the timber contract of purchase, the manufacturing and sale of the lumber. Yet the work he was thus rendered unable to do would be but a small part of the whole in the prosecution of a business of such nature and magnitude, and there would seem to be no reason why that also might not have been performed by a competent employee. It cannot be said that his loss of profits whatever they might have been in connection with his lumber contract was the natural and proximate result of the act complained of. Such loss was more particularly the natural and proximate consequence of the plaintiff's subsequent voluntary act of giving up or abandoning the contract. For this reason,—not considering others suggested in argument,—the loss of such profits does not constitute an element of recoverable damages, and the rulings otherwise in the admission of evidence and in submitting the case to the jury were error.

The jury were instructed that if they found the plaintiff was entitled to recover and that the act of putting him off the cars "was a wilful and malicious act," then they had the right to add to the damages sustained, "such damages as you think ought to be imposed as a punishment, as an example, called here sometimes exemplary damages, and sometimes punitive damages," to which exception was taken. Under this charge the jury were at liberty to add exemplary damages without regard to whether the defendant corporation was or was not guilty of the wrong committed by its servant, by directing, participating in, or subsequently approving it. This is contrary to the rule laid down upon careful consideration of the question in *Willett* v. *St. Albans,* 69 Vt. 330, 38 Atl. 72, following the case of *Lake Shore & Mich. S. Ry. Co.* v. *Prentice,* 147 U. S. 101, 37 L. ed. 97, 13 Sup. Ct. 261, and was error.

*Judgment reversed and cause remanded.*