### 8505
#### MOORE v. GREENVILLE TRACTION CO.

1. Contributory Negligence—Carrier—Passenger.—Where plaintiff contends he was injured by the wilfulness of the carrier in starting a car suddenly after it had stopped to let him off, and defendant contends that the passenger got off the car while in motion, the issue of contributory negligence does not arise.

2. Negligence—Carrier—Presumptions.—There is no presumption of wilfulness or wantonness from injury to a passenger by instrumentality or agency of carrier.

Before Memminger, J., Greenville, April, 1912. Affirmed.

Action by W. H. Moore against Greenville Traction Company. Plaintiff appeals.

*Messrs. Geiger & Wolfe, B. A. Morgan* and *J. M. Daniel,* for appellant, cite: *Defendant is guilty of conscious failure of duty, which warrants punitive damages:* 90 S. C. 868; 74 S. C. 377; 54 S. C. 505; 71 S. E. 238; 75 S. C. 301; 71 S. E. 855; 69 S. C. 445; 75 S. C. 116. *Plaintiff was a passenger:* Nellis on St. Ry. Accd. L. 39, 40, 41; 6 Cyc. 536; 52 S. C. 566; 72 S. C. 134; Moore on Carriers 550-1. *Court should have instructed there was no issue of contributory negligence:* 89 S. C. 97; 61 S. C. 187, 404; 69 S. C. 445; 75 S. C. 116.

*Messrs. Cothran, Dean & Cothran,* contra, cite: *The law applicable to plaintiff's positions:* 70 S. C. 8; 73 S. C. 12; 72 S. C. 449; 81 S. C. 434; 76 S. C. 493; 81 S. C. 347. *If incompetent evidence is admitted without objection, it should not be disregarded:* 32 S. W. 1139; 34 S. W. 184.

April 3, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action to recover damages for personal injuries received in alighting from defendant's street car, the verdict and judgment were in favor of the defendant. The plaintiff's appeal depends mainly on the alleged error of the Circuit Judge in refusing to charge the jury that contributory negligence is not a defense in an action based entirely on the alleged wilful and wanton tort of the defendant.

The complaint alleged that the plaintiff, wishing to go to Brandon Mills, boarded by mistake a "city car," that on discovering the mistake, "the car was stopped at the signal of the conductor for the plaintiff to alight, but while in the act of so doing the car was made to give a sudden lurch forward through the reckless, wilful and wanton disregard of plaintiff's rights by defendant's agents, the motorman and conductor, which sudden lurch of the car threw him violently on the pavement of the street." The defense was: (1) a

a general denial; (2) that the injury, if any, was caused by the negligence of the plaintiff; and (3) contributory negligence, "in jumping from a moving car before waiting for the car to stop and after having been warned by the conductor in charge of said car not to do so."

The plea of contributory negligence was not responsive to the complaint, since the complaint did not allege negligence, but a wilful, wanton and reckless tort; but no motion was made to strike out the defense. The plaintiff introduced testimony tending to prove that he was injured in the manner set out in the complaint, but none whatever tending to show that he was in fault or in any way contributed to the injury. Counsel for the defendant made a motion for a nonsuit on the ground that there was no evidence supporting the allegation that the injury was inflicted wilfully and wantonly. The motion was refused. The defendant's witnesses testified that the plaintiff fell because he stepped off the car before it stopped without notice to the conductor that he intended to do so, and in disregard of the conductor's warning not to get off until the car stopped. It thus appears that the sharp and only issue made by the evidence was whether the injury was due entirely to the wilful and wanton act of the defendant in starting the car with a sudden jerk after it had been stopped to allow plaintiff to get off, or entirely to the negligence of the plaintiff in alighting from a moving car. If the jury believed the plaintiff's statement, that he was thrown by the act of the defendant's servants in giving the car a sudden jerk, and that the act was wilful and wanton, the verdict must necessarily have been for the plaintiff; if they believed the testimony of the defendant's witnesses, that the plaintiff was injured by stepping from a moving car against the warning of the conductor, the verdict must have been for the defendant. It is perfectly clear, therefore, that there was no issue of contributory negligence in the cause, and that the Circuit Judge was right in holding that its introduction into the

charge would be bringing in matter of law entirely irrelevant and confusing to the jury. The jury was charged, without qualification, that if the plaintiff's injury was due to the defendant's wilful and wanton tort, the verdict must be in favor of the plaintiff. The trial Judge also charged the jury explicitly that the law requires from a carrier the highest degree of care for a passenger's safety.

Counsel for the plaintiff contended, as we understand the fourth exception, that in addition to this, when the Circuit Judge stated the burden to be on the plaintiff to prove his case by a preponderance of the testimony, he should have charged also that when a passenger proved an injury inflicted by the agency or instrumentality of the carrier the burden of proof shifted to the defendant. This exception cannot be sustained. In the first place, no request was submitted to charge on the question of presumption against the carrier. But aside from that, while it is true that a presumption of *negligence* arises from proof of injury to a passenger through any agency or instrumentality of the carrier, there is no presumption of wilfulness or wantonness from that fact; and the plaintiff's action was based entirely on the allegation of wilfulness and wantonness as distinguished from mere negligence. Hence, there was no error in the charge.

Affirmed.