9065

WATKINS v. SOUTH CAROLINA WESTERN RY.

(85 S. E. 377.)

Practice. Continuance. Appeal and Error. Charge.

1. Continuance—Abuse of Discretion.—Where a party has neglected to take deposition of a nonresident of this State, it was no abuse of discretion to refuse motion for continuance to allow the nonresident to attend as a witness.

2. Appeal and Error—Prejudicial Error.—The refusal to continue a case for one day to allow the attendance of a witness was not prejudicial where the witness did not appear within the time asked for.

3. Issues.—Where there is evidence to carry a case to a jury the refusal of motions for nonsuit, and for direction of a verdict, are properly refused.

4. Appeal and Error—Review—Matters Not Raised Below.—In a passenger's action for injuries, where the contention that he could not recover for an injury received in doing a thing which he had been forbidden to do by the conductor, was not raised in the Circuit Court, it could not be raised on appeal.

5. Appeal and Error—Charge—Statement of Issues.—Where the attention of the Judge is not called during the trial to a misstatement in his charge on the issues, the error is waived.

6. Appeal and Error—Charge—Statement of Issues.—A statement of the contentions of the parties as to the facts, is one of issues, and not a charge upon the facts.

7. Trial—Error—Cure by Other Instructions.—In a passenger's action for injuries, where the Court charged that if plaintiff was injured as a result of defendant's negligence as alleged in the complaint, he was entitled to actual damages, the failure to qualify this by adding after "complaint," "to which plaintiff's negligence did not contribute as a proximate cause," or words to that effect, was not error, the Court having charged the law as defendant claimed it should have been charged in another instruction.

8. Carriers—Actions for Injuries—Instructions.—In a passenger's action for both actual and punitive damages for injuries claimed to have been due to the carrier's negligent, reckless, wanton, and wilful conduct, defendant pleaded contributory negligence, and also pleaded plaintiff's gross negligence and reckless conduct as the sole cause of his injury. It requested an instruction that as to both causes of action plaintiff could not recover if his injury was due to his own fault, and not to the fault of the railroad company. The Court limited this instruction to the cause of action for negligence. *Held* that this was erroneous, since it is a complete defense to wilfulness as to negligence that the injured person was the sole author of his own injury.

9. TRIAL—ERROR—CURE BY OTHER INSTRUCTIONS.—This error was not cured by a subsequent instruction charging the law correctly, since there was not merely an incomplete statement, and the jury might have understood that the modification applied to the subsequent instruction, as the Court had already confined the defense to negligence.

GAGE, J., Darlington, April, 1913. Reversed.

Action by George E. Watkins against South Carolina Western Railway. From judgment for plaintiff, defendant appeals.

The facts were stated in the case, as follows:

"This action was commenced on June 1, 1912, by due service of a summons and complaint. The plaintiff seeks both actual and punitive damages for injuries alleged to have been sustained by him on the afternoon of May 4, 1912, by reason of the negligent, reckless, wanton and wilful conduct of the defendant, its agents and servants, then and there acting within the scope of their agency: (1) In failing and refusing to stop its passenger train, on which plaintiff was a passenger, at a point called 'Segar's' or 'Segar's Siding,' his destination, long enough, to wit, a reasonable time, for plaintiff to alight therefrom; (2) in hindering and impeding plaintiff in his efforts to alight; (3) in starting the train while plaintiff was in the act of alighting; (4) in thereafter curtly and insultingly refusing to stop the train so that plaintiff might alight in entire safety; (5) in compelling plaintiff to alight from the then slowly moving train or be carried to another and distant station, and (6) in precipitating plaintiff so violently, roughly and suddenly to the ground as to break his right arm. The defendant set up three defenses, to wit: First, a general denial; second, contributory negligence; and, third, plaintiff's gross negligence and reckless conduct as the sole cause of his injury."

"The defendant owns and operates a line of railway between Florence and McBee, in this State, passing through

30—100

Hartsville and Segars, both in Darlington county, and, on the date of the alleged injury, plaintiff, his wife and two sons, took passage on defendant's train from Hartsville to Segars, reaching the latter point an hour or more before sundown."

"The case was tried before his Honor, George W. Gage, and a jury."

"Upon the call of the case for trial defendant's counsel moved for a continuance for one day on the ground of the absence of one Hawley, the conductor in charge of its train on the day of the alleged injury, stating that the witness was not then in the employ of the defendant, but was employed beyond the boundaries of this State; that defendant had exercised every effort to secure his attendance, and that they were informed the witness was then on his way to attend the trial; that he would have been present in Court had not his train missed a connection at Charlotte, N. C., and that he would be in Court the next morning. His Honor overruled defendant's motion and ordered the case to trial. Defendant's counsel then stated that it was possible the witness might reach Darlington on a train arriving about two hours later, and his Honor postponed the trial until after the arrival of said train, but refused any further continuance."

"No effort had been made to procure the deposition *de bene esse* of said witness. A subpœna writ was issued for him, as for other witnesses, but was not served because he could not be found within the State. Plaintiff admitted the statement of defendant's counsel as to what said witness, if present, would testify, which statement was read to the jury and hereinafter appears. The taking of testimony was concluded and argument commenced on the first day of the trial, which ended about noon of the second day, but said witness did not appear."

"The trial resulted in a verdict for the plaintiff in the following form, to wit: 'We find for the plaintiff, Watkins,

(1) five hundred dollars as actual damages, and we find for him (2) five hundred dollars as punitive damages. W. A. Folsom, Foreman, April 5th, 1913.'

"On this verdict judgment was duly entered on the 14th day of April, 1913.

"From this judgment the defendant appeals on the ground stated in its exception."

*Messrs. Geo. E. Dargan* and *B. Wofford Wait,* for appellant, cite: *As to duty of carrier to stop train:* 78 S. C. 70; 67 S. C. 61; 85 S. C. 426; 90 S. C. 414. *Negligence of plaintiff:* 129 Pa. St. 113; 41 A. & Eng. R. Cas. 154; 54 Ark. 25; 14 S. W. 1099; 114 Ind. 476; 17 N. E. 107; 41 La. Ann. 795; 7 L. R. A. 111; 6 So. Rep. 916; 41 A. & Eng. R. Cas. 172; 84 Ill. 598. *Sufficient time for stop:* 72 S. C. 446; 73 S. C. 273. *Stating the contentions of parties:* Const., art. V, sec. 26; 85 S. C. 265; 89 S. C. 140. *Plaintiff's negligence:* 94 S. C. 249. *Modification plaintiff's sixth request:* 67 S. E. 1116; 27 L. R. A. (N. S.) 1111. *Passenger assumed risk of jumping from moving train after being warned against it by conductor and brakeman:* 23 Pa. St. 147; 62 Am. Dec. 323; 54 Wis. 610; 70 Mo. 604; 37 Am. Rep. 385; 77 N. E. 569; 111 Mo. 335; 19 S. W. 818; 44 Ill. 460; 140 Pa. St. 502; 21 Atl. 408; 82 Ga. 229; 71 Iowa 58; 36 Texas Cir. App. 94; 80 S. W. 1023.

*Messrs. Miller & Lawson,* for respondent, cite: *No abuse of discretion or prejudice in refusal of continuance:* 93 S. C. 412. *As to plaintiff's alleged negligence:* 79 S. C. 177; 56 S. C. 94; 66 S. C. 533, 534. *Stopping train to allow alighting:* 67 S. C. 65. *Statement of issues not charge on facts:* 94 S. C. 26; *Ib.* 92; 87 S. C. 534; 92 S. C. 196; 88 S. C. 163; 62 S. C. 546; 63 S. C. 370; 93 S. C. 375; 91 S. C. 178; 90 S. C. 56; 95 S. C. 157. *Omission*

*should have been called to attention of the Court:* 94 S. C.
216; *Ib.* 231; 93 S. C. 502.   *Proximate cause:* 86 S. C. 106.
*Contributory negligence no defense to injuries wilfully
inflicted:* 82 S. C. 326; 29 Cyc. 509.   *Care due passenger
by carrier:* 93 S. C. 125; 91 S. C. 104; 67 S. C. 64. · *No
prejudicial error:* 78 S. C. 81; 93 S. C. 420.

April 12, 1915.

The opinion of the Court was delivered, after reciting
the foregoing statement of facts, by MR. JUSTICE FRASER.

The questions raised by the exceptions as condensed by
appellant are as follows:

Did his Honor err in refusing defendant's motion for a
continuance?

1, 2     The appellant admits that a continuance was
within his Honor's discretion, but urges an abuse of
discretion.   It does not appear that there was an abuse of
discretion.   Besides this, the motion was for a continuance
for one day to enable the appellant's witness to reach the
place of trial.   It appears that the witness did not appear
on the second day.   The ruling was not, therefore, pre-
judicial.

Did his Honor err in refusing defendant's motion (a)
for a nonsuit, (b) for direction of verdict, and (c) to set
aside the verdict and for a new trial?   There was abundant
evidence to carry the case to the jury unless it be
3, 4   the law of this State that a passenger car, under
no circumstances, recover for an injury which he
received in doing a thing which he has been forbidden to
do by a conductor.   A careful search of the record fails to
show that this question was made in the Circuit Court and
it cannot be made here.

Did his Honor commit error of law in his charge
5    to the jury?

Exception IV complains of error in the state-
ment of the Judge as to certain propositions upon which

"counsel on both sides have agreed." The rule is too well settled to need the citation of authority, that where the presiding Judge misstates the issues his attention must be called to his error at the trial or the error is waived.

"Exceptions V and VI, that his Honor clearly intimated his opinion on the facts of the case." A careful consideration of the charge will show that the excerpts taken in their connection are a mere statement of the issues.

Exception VII is as follows:

"'That his Honor erred in charging plaintiff's sixth request, to wit: 'If you find that plaintiff was injured as the result of negligence of the defendant, as alleged in the complaint, then the plaintiff would be entitled to recover actual damages for the injury by him sustained;' the error being, that his Honor failed to qualify the same by adding after the word 'complaint,' 'to which plaintiff's negligence did not contribute as a proximate cause,' or words to that effect."

His Honor charged the law as appellant claims it ought to have been charged in response to appellant's third request to charge, which was a fuller statement of the law.

Exception VIII is not argued, but submitted on exception VI.

The ninth exception complains of error in a modification of defendant's fourth request to charge. The request was as follows:

"4. As to both causes of action I charge you that the plaintiff, Mr. Watkins, cannot recover if you find from the evidence that his injury, if he was injured, was due to his own fault, and not to the fault of the defendant railway company."

His Honor modified as follows:

"4. As to the second cause of action I charge you that the plaintiff, Mr. Watkins, cannot recover if you find from the evidence that his injury, if he was injured, was due to

his own fault, and not to the fault of the defendant railway company."

This was error. Doubtless his Honor had in his mind the rule as to contributory negligence. The defendant pleaded contributory negligence, but it also pleaded that the plaintiff was the sole author of his own injury. The defense that the plaintiff is sole author of his injury is as complete defense, if proven, to wilfulness as it is to negligence, and when it is pleaded and a request to charge is made, the defendant is entitled to have the law in regard to it charged and not to do so is error. *Moore* v. *Greenville Traction Co.*, 94 S. C. 249, 77 S. E. 928.

It is true his Honor, under the defendant's eighth request, charged the law correctly, but this was not merely an incomplete statement and the jury may have understood that the modification applied to the eighth request, inasmuch as he had already confined the defense to wilfulness.

Exceptions X and XI have already been considered.

The judgment appealed from is reversed and a new trial is ordered.

MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *dissenting.* If the defendant had requested his Honor, the presiding Judge, to charge that the plaintiff could not recover punitive damages, if his injury was due *solely* to his own fault, quite a different proposition would have been submitted.

The defense of contributory negligence presupposes that the party injured was at fault, yet it cannot be interposed against a cause of action for punitive damages.

In any event, there should not be a new trial, as to both causes of action, for the reason that the request was charged as to the cause of action for actual damages. For these reasons I dissent.

MR. JUSTICE GAGE, having presided at the trial on the circuit, took no part in the consideration of this case.