JUNE O'CONNOR *v.* VERMONT TRANSIT CO., INC., ET AL.

(68 A2d 699)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, ADAMS and BLACKMER, JJ.

Opinion filed October 4, 1949.

*Finn & Monti* for the plaintiff.

*Austin & Edmunds* and *Wayne C. Bosworth* for the defendants.

JEFFORDS, J. The plaintiff had parked the automobile which she was operating on North Main Street in Barre parallel with the curb. As she was leaving the car by its left front door a bus owned by the defendant, approaching from the rear of the parked car, collided with it. This action was brought to recover for injuries sustained by the plaintiff as a result of the accident. The verdict of the jury was for the defendant.

The plaintiff claimed that the bus first came in contact with the left rear fender of the car. In support of this claim the husband of the plaintiff and her two daughters testified that this fender was scraped or scratched and that there was yellow paint on the fender. The husband also testified that he had shown the car to the defendant's local manager. This witness was then asked if he had shown the car to the examiner before it was repaired and he replied that he had. He was then asked when and where such showing took place. The attorney for the defendant inquired whether the attorney for the plaintiff proposed to testify on this subject matter, stating that otherwise questions concerning such showing would be improper. The examiner stated that he did not propose to become a witness. The question was then excluded and an exception allowed the plaintiff.

The plaintiff cites cases to the effect that evidence as to the condition of an automobile subsequent to an accident and prior

to repair is admissible as a means of ascertaining the responsibility for the accident. This rule was recognized and followed by the admission of evidence heretofore noted. The witness had testified fully on this subject matter. If he were again inquired about it, his answers, as far as it appears, would be mere repetition of his previous testimony. Consequently if it was the purpose of the examiner to have the witness repeat his testimony on this point there was no error in the ruling. *West Rutland Tr. Co.* v. *Houston,* 104 Vt 204, 208, 158 A 69, 80 ALR 664. If the purpose was to put in evidence any acts, conduct or statements of the examiner in corroboration of the testimony of the witness in respect to the condition of the car there was also no error. *Phelps* v. *Utley,* 92 Vt 40, 42, 101 A 1011. No other purpose is apparent.

When the defendant rested its case the attorney for the plaintiff informed the court that he had one witness important to the case who was not then present and asked for a recess in order to locate the witness. The request was granted.

When the court reconvened it was informed that the witness had not been located but it was expected he would be soon and that it would probably be an hour before he would be available. The attorney outlined to the court the testimony he expected this witness would give in rebuttal of certain evidence put in by the defendant and moved for a recess of one hour. The court stated that it had granted the plaintiff a half hour to locate the witness and that it felt it ought not to delay the trial any longer. The motion was denied and the plaintiff allowed an exception to the ruling.

The motion was addressed to the discretion of the trial court. *State* v. *Maguire,* 100 Vt 476, 480, 138 A 741. The plaintiff was not harmed by the manner in which the discretion was exercised as it clearly appears from the transcript that the witness would not have been in court within the time requested in the motion for the one hour recess. *Watkins* v. *South Carolina W. Ry.,* 100 SC 458, 85 SE 377.

Subsequently the plaintiff stated new reasons for a renewal of her motion for a recess for time to procure the attendance of the witness. This motion was also denied and an exception allowed the plaintiff. This exception not being briefed is waived. *Little* v. *Loud,* 112 Vt 299, 301, 23 A2d 628.

Immediately following the denial of the motion for the one hour recess the plaintiff was recalled as a witness. She was asked whether

she had had a telephone conversation that morning with the proposed witness and she replied that she had. She was then asked a further question which upon objection was excluded. The answer to this question, under the offer made by her attorney would tend to show due diligence on her part to obtain the attendance of the proposed witness. Error, if any, in the exclusion of this evidence is made harmless by our previous holding in respect to the ruling on the motion for the one hour recess.

*Judgment affirmed.*