# Charles A. Shortle, Jr. and Joan Frances Shortle v. Central Vermont Public Service Corporation

[399 A.2d 517]

No. 295-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 6, 1979

Motion for Reargument Denied February 21, 1979

*Bloomer & Bloomer*, Rutland, for Plaintiffs.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant.

**Billings, J.** Plaintiffs appeal from a judgment order of the Rutland Superior Court awarding them the sum of $300 as compensatory damages in a tort action. Plaintiffs' injury arises out of certain acts of the defendant corporation's servants in disconnecting the electrical service to plaintiffs' tenement house, and in failing through inadvertence to notify the plaintiffs of the termination of this service. Water pipes froze, causing damage to an apartment. This cause was before us once before, *Shortle* v. *Central Vermont Public Service Corp.*, 134 Vt. 486, 365 A.2d 256 (1976), at which time we affirmed the lower court's judgment of liability but remanded for a new trial on the issue of damages.

The plaintiffs claim that the trial court erred in not submitting the issue of punitive damages to the jury, in allowing a nonexpert to give his opinion as to the amount of repairs necessary to be done to the property, in denying plaintiffs a recess so that they could subpoena a rebuttal witness, and in denying plaintiffs' motion for an explanation to the jury of the reasons for the witness' absence.

Punitive or exemplary damages may upon proper showing be awarded if the act or acts relied upon are more than wrongful or unlawful. It must be shown that there was actual malice. This may be shown by conduct manifesting personal ill will or carried out under circumstances evidencing insult or oppression, or even by conduct showing a reckless or wanton disregard of one's rights. *Sparrow* v. *Vermont Savings Bank*, 95 Vt. 29, 33, 112 A. 205, 207 (1921). The fact that the defendant is a corporation does not prevent an award of punitive damages in an appropriate case, but the malicious or unlawful act relied upon must be that of the governing officers of the corporation or one lawfully exercising their authority, or, if the act relied upon is that of a servant or agent of the corporation, it must be clearly shown that the governing officers either directed the act, participated in it, or subsequently ratified it. *Sparrow* v. *Vermont Savings Bank, supra*, 95 Vt. at 32, 112 A. at 206; *Wells* v. *Boston & Maine R.R.*, 82 Vt. 108, 71 A. 1103 (1909). The record before us

does not show any malicious act directed, participated in, or ratified by any governing officer. The evidence, taken in the light most favorable to the plaintiffs, establishes no more than the ordinary carelessness of the defendant's employees in terminating the plaintiffs' electrical service, and in not notifying them of that termination. This is insufficient as a matter of law to establish liability for punitive damages on the part of the defendant corporation. The plaintiffs in such circumstances are entitled to be made whole by a proper award of compensatory damages. The trial court's refusal to submit the issue of punitive damages to the jury is without error.

■ Plaintiffs allege that it was error to allow a subsequent owner of the property to give his opinion as to the damage observed when he first became the owner of the property, and to give his opinion as to the cost of repairs. An owner is a competent witness to testify as to the value of his property while holding title. 12 V.S.A. § 1604. The record discloses that the lay witness owner did not testify as to the cause of the damage, but only as to the damage observed and the cost of repair as of his ownership. This testimony was admissible and there is no error.

After the defendant rested on the second day of trial, the plaintiffs indicated that they had two witnesses that they wished to call in rebuttal, neither of whom was present in the courtroom. The trial court granted plaintiffs a twenty-five minute recess to contact the witnesses. Thereupon the plaintiff, Charles Shortle, Jr., was called in rebuttal, after which he requested and was granted a ten-minute recess to obtain another witness. Subsequently, the plaintiffs sought yet another recess in order to subpoena a third witness, a plumber who had made repairs to the apartment. Plaintiffs advised the court that the witness had agreed to appear voluntarily upon call, but that they were unable to locate him at that time. The trial court denied plaintiffs a third recess. The trial proceeded to argument, and over plaintiffs' objection the defendant's attorney on several occasions commented on the absence of the plumber. At the close of the evidence, plaintiffs restated their objections and moved that the court explain to the jury, in view of the comments by defendant's attorney on argument, the plaintiffs' inability to have the witness at trial.

■ A motion for recess is addressed to the sound discretion of the court. *O'Connor* v. *Vermont Transit Co.*, 116 Vt. 6, 8, 68 A.2d 699, 700 (1949). The denial of the last requested continuance

would not, standing alone, have constituted an abuse of the court's discretion, but coupled with the permitted prejudicial argument, the plaintiffs were entitled to either a continuance or a grant of their motion for explanation to the jury of the circumstances surrounding the absence of the rebuttal witness.

*Reversed and remanded for a new trial on the sole issue of compensatory damages.*

### On Motion for Reargument

**Per Curiam.** Subsequent to the handing down of the opinion, plaintiff-appellants filed a motion for reargument, calling to our attention that a factual statement was incorrect. The opinion was recalled and amended.

The revision does not change the result, and the entry is not affected. No ground for reargument appears, and the motion is denied. See *State* v. *O'Connell,* 135 Vt. 182, 375 A.2d 982 (1977).