*Matthews v. Essex Mini Storage Co.*, 176-2-19 Cncv (Hoar, J., Aug. 5, 2021)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]



| VERMONT SUPERIOR COURT | CIVIL DIVISION |
|---|---|

Chittenden Unit                                      Case No. 176-2-19 Cncv

175 Main Street, PO Box 187
Burlington VT  05402
802-863-3467
www.vermontjudiciary.org

| Matthews vs. Essex Mini Storage Co. |
|---|

## DECISION ON MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of the court's order denying her motion to amend the complaint. Her motion raises no issues or concerns that the court did not fully consider in its initial decision. Nevertheless, the court takes this opportunity to elaborate upon that decision.

Plaintiff filed her motion to amend on May 7, 2021—nearly three weeks after the parties represented to the court that this case was ready for trial and the court indicated that it was putting the case on the list for the next jury drawing. This was not the first time the parties had agreed that the case was ready for trial; at a pretrial conference held on March 13, 2020, the parties represented that they had a mediation scheduled ten days later, and were otherwise ready for trial. That mediation evidently occurred, and produced no resolution. A couple of weeks later, Plaintiff moved to amend the complaint. The court allowed that amendment.

That would have been the time to have offered the present amendment. Even then, it might have come too late; the case was scheduled for jury drawing and trial within a matter of weeks, and the proposed amendment would have dramatically changed the nature of the case. Nevertheless, Plaintiff waited more than a year, offering no good reason for doing so.

Plaintiff argues that her proposed amendment is not prejudicial, because "[t]he facts alleged remain essentially the same." This argument betrays either an ignorance of the law or a belief that the court is naïve. Plaintiff's proposed amendment would add claims of intentional conduct and prayers for punitive damages, each of which requires substantially different and more proof than would be necessary to impose *respondeat superior* liability on an employer for its employee's negligence. *See, e.g., Doe v. Forrest*, 2004 VT 37, ¶ 15, 176 Vt. 476 (discussing elements of proof for claim against employer for employee's misconduct); *Shortle v. Central Vt. Pub. Serv. Corp.*, 137 Vt. 32, 33 (1979) (discussing standard for imposing punitive damages on a corporation). Each of these claims would

invite motions to dismiss or for summary judgment judgment—this at a time when the case has now been scheduled for jury drawing in less than four weeks. Indeed, the court might properly have denied the proposed amendment as futile, as it fails to allege facts sufficient to impose liability on the named Defendant. *See Doe*, 2004 VT 37, ¶ 15 (to impose liability on employer, plaintiff must show that employee's conduct "was actuated, at least in part, by a purpose to serve the master" and "in a case in which force is intentionally used by the servant against another . . . is not unexpectable by the master"); *Shortle*, 137 Vt. at 33 ("if the act relied upon is that of a servant or agent of the corporation, it must be clearly shown that the governing officers either directed the act, participated in it, or subsequently ratified it.").

Plaintiff's argument also ignores the obvious impact on Defendant's exposure, particularly considering issues of insurance coverage for intentional torts and punitive damages. Plaintiff herself acknowledges these impacts: she states, candidly, that "[t]he intentional torts were kept out of the case previously so as to avoid compromising any potential insurance coverage." Mot. to Amend, 3. It takes no more than passing familiarity with the law of insurance coverage to recognize that the assertion of intentional torts and a prayer for punitive damages profoundly impact the "defend and indemnify" obligation contained in most commercial general liability insurance policies. As Defendant notes in its opposition, if the amendment were allowed, it might properly seek to involve personal counsel, to protect its uninsured interest. At this late stage of the case, that counsel would have been deprived of the opportunity to participate in discovery and mediation, and so to shape and influence the course of the case so as to minimize any uninsured exposure. The prejudice that flows from the denial of that opportunity is obvious, and with the case on the courthouse steps, uncurable.

When all is said and done here, Plaintiff made a strategic decision that, evidently, she now regrets. She declined to assert claims that could and should have been asserted long ago. She now seeks to visit the consequences of that decision on Defendant. That, in the court's view, is the epitome of "a dilatory maneuver in bad faith." *Bevins v. King*, 143 Vt. 252, 255 (1983); *see also Gauthier v. Green Mt. Keurig*, 2015 VT 108, ¶¶ 43-46, 200 Vt. 125 (affirming trial court's rejection of late-in-the-day amendment under circumstances not dissimilar to those here). The court will not countenance such behavior. The motion for reconsideration is denied.

Electronically signed pursuant to V.R.E.F. 9(d):

_____

Samuel Hoar, Jr.
Superior Court Judge

176-2-19 Cncv Matthews vs. Essex Mini Storage Co.