6954

## W. C. BEATY & CO. v. SOUTHERN RY.

SECONDARY EVIDENCE—PAPERS.—There are no degrees of secondary evidence. Where a party is notified in the usual way to produce an original paper and fails to do so, the opposite party may introduce parol evidence of its contents, although he has a copy in his possession in his office.

Before WILSON, J., Fairfield, October, 1907.    Affirmed.

Action by W. C. Beaty & Co. against Southern Railway Company.    From Circuit order affirming judgment of magistrate court, defendant appeals.

*Mr. J. E. McDonald,* for appellant, cites: 2 Elliott on Ev., secs. 1265, 1266; McKelvey on Ev., 590; 2 Wig. on Ev., 1266-86; 59 S. C., 590; 60 S. C., 300; 68 S. C., 98; 69 S. C., 430; 71 S. C., 432; 73 S. C., 506; 75 S. C., 345.

*Mr. J. W. Hannahan,* contra, cites: 2 Ency., 374; Green. Ev., 560; 43 S. C., 405; 13 Rich., 76; 11 Rich., 67; 2 Rich., 146; 60 S. C., 300; 1 Green. Ev., secs. 82-84; 2 Queen Bench, 113; Chamberlyn Best on Ev., 70, 71, 423; 48 Neb., 216; McKelvey on Ev., 256; 10 Ind., 125; 56 Mass., 494; 102 Mass., 362; 151 Mass., 538, 491; 24 S. W. R., 372; 18 Johns., 451; 7 Tex., 288; 6 C. & P., 206; 7 M. & W., 102; 84 N. C., 314; 29 N. C., 415; 50 Minn., 424; 3 Mont., 65; 9 Vt., 326; 69 S. C., 70; 31 S. C., 608; 43 S. C., 405; 22 S. C., 198; 21 S. C., 429; 76 S. C., 312; 75 S. C., 297.

July 13, 1908.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.    This action was commenced on the 28th day of March, 1907, in a magistrate's court for Fairfield county, S. C., by the service of summons and complaint upon the defendant.

In their complaint, the plaintiffs allege that the defendant is justly indebted to them in the sum of $48.10, with interest thereon from the 17th day of October, 1906, for the value of a part of a shipment of flour from Statesville, N. C., which was lost in transit, together with $50 as statutory penalty for the non-payment of a claim within the statutory period, filed with defendant's agent for said sum of $48.10, at the point of destination.

The answer of the defendant was a general denial of the allegations of the complaint.

The magistrate, after hearing testimony, rendered judgment in favor of the plaintiff for the sum of $98.10.

The defendant thereupon appealed to the Court of Common Pleas for Fairfield county upon various exceptions, all of which were abandoned at the trial except the following:

1. "That the magistrate erred in allowing the plaintiff, C. A. Stevenson, to testify as to the contents of a written instrument, to wit: the claim filed by him, when such testimony was not the best evidence of said written instrument, and when it appeared that plaintiff had in his possession a copy thereof, such testimony being duly objected to."

The case came on before Judge John S. Wilson, at the September, 1907, term of the Court of Common Pleas for Fairfield county, on appeal from the judgment of the magistrate.    Judge Wilson issued an order affirming the decision of the magistrate and dismissing the appeal.

From this order of Judge John S. Wilson, the defendant has appealed to this Court upon two exceptions:

1. "Because his Honor erred in overruling the first exception of the defendant to the judgment of the magistrate, which was as follows: 'That the magistrate erred in allowing the plaintiff, C. A. Stevenson, to testify as to the contents of a written instrument, to wit: the claim filed by him, when such testimony was not the best evidence of said written instrument, and when it appeared that plaintiff had in his possession a copy thereof, such testimony being duly objected to.'    The error being that said exception was well taken, and it was error in the magistrate to allow such testimony, and it was error in the Circuit Judge to hold that oral testimony could be given of the contents of a written instrument, when it appeared that a copy thereof was in existence and could have been produced.

2. "Because his Honor erred in not sustaining said exception of the defendant to the judgment of the magistrate, and erred in not holding that it was incompetent to give oral testimony as to a written instrument, when it appeared that a copy of said written instrument was in existence, and could

have been produced, such oral testimony not being the best
evidence of the contents of said written instrument, and the
copy being better and higher evidence than oral testimony
as to the contents of said written instrument."

A notice in writing was served upon the Southern Rail-
way Company to produce the original claim for damages in
the above stated case and the letter accompanying same, both
dated October 17, 1906, and filed with the agent of the
defendant at Winnsboro, S. C., signed by the plaintiff, W. C.
Beaty & Co., with an additional notice that if the defendant
failed to produce said claim and letters the plaintiff would
offer secondary evidence of the contents thereof. The de-
fendant had in its possession this original claim for damages
and the letter accompanying same. It does not deny the fact
of possession nor its ability to furnish said original claim
for damages and the letter accompanying it, but it only sets
up that it has not those letters in Court; there was no reason
given therefore by the defendant for its failure to answer the
demand made upon it for these papers. Those papers were
necessary to plaintiff's case in Court, which facts the defend-
ant well knew.

Under the law of this State and in accordance with the
general rule, that where the writing containing or constitu-
ting the primary evidence of the fact to be proved is satis-
factorily shown to have been lost or destroyed, without the
fault of the party desiring to prove the fact, secondary evi-
dence becomes admissible. 17 Cyc., 518; *Hunter* v. *Hunter,*
63 S. C., 78, 41 S. E., 33; *Perry* v. *Jeffries,* 61 S. C., 292,
39 S. E., 515; *Cook* v. *Wood,* 1 McCord, 139. It is not
denied by the defendant that the plaintiff is entitled to show
the contents of the original claim for damages as well as the
letter accompanying the said claim. It only insists that
secondary evidence of the contents should consist of a copy
of said papers which the plaintiff, while being examined as a
witness, admitted that he had in his place of business. No
demand was made by a notice in writing for these copies.
It was only when the witness was on the stand that the

demand was made upon him. There is no rule of law in this State by which a plaintiff or other party is restricted in offering secondary evidence of the contents of lost or mislaid papers to copies of such papers. All that is required under our law is that the testimony offered shall show the contents of such lost papers. There are no degrees of proof in case of the loss of an instrument; all that is required is that the party must furnish proof of the contents of such lost document.

It is useless to multiply words on this subject; the rule we have stated is that which obtains in this State and is a response to the demands of the appellant. We must, therefore, overrule these exceptions.

The judgment of the Circuit Court is affirmed.