July 24, 1909. The opinion of the Court was delivered by
This is an action for damages alleged to have been sustained by the plaintiffs on account of the destruction of certain rafts of lumber by the defendant, at its bridge across the Edisto river, while said lumber was being transported down the river.
The complaint alleged in substance that the defendant is a corporation created by and existing under the laws of the State of South Carolina, owning and operating a certain railroad, passing through the county of Collection, and crossing the Edisto river, a navigable stream; that the defendant owns and keeps up a bridge, as a part of its roadbed and track, across the said stream; that the defendant recklessly, carelessly, wantonly and negligently changed the usual course and passage under and through the said bridge by building and maintaining such bridge in an unskillful and unworkmanlike manner, driving piling down and placing booms across said river, where the channel was and where the currents thereof drove the rafts of timber and lumber, so as to become a menace to the lives and property of the plaintiffs and others, engaged in the business of transporting lumber down said river; that such booms and piling obstructed the free and safe navigation of the said stream by causing rafts of lumber to become fastened against said booms and piling, and to be overturned, lost and destroyed; that by reason of such obstruction of the navigation of said stream the plaintiffs lost twenty thousand feet of lumber during the month of March, 1905, to their damage seven hundred and fifty dollars. *Page 284 
The defendant denied each and every allegation of the complaint, and denied specifically that the defendant was created a corporation under and by virtue of the laws of South Carolina.
The jury rendered a verdict in favor of the plaintiffs for $750, and the defendant appealed upon exceptions, which will be set out in the report of the case.
First, second, third and fourth exceptions: These exceptions will be considered together.
The plaintiffs' attorneys served notice upon the defendant's attorneys to produce the original charter, issued by the Secretary of State to the defendant, on the 13th of May, 1902, and in the event of failure to produce the same, that they would offer secondary evidence as to its contents.
The following statement appears in the record: "The defendant's counsel admitted that the charter referred to in the said notice was in the possession of the defendant, but that they had not brought it into Court. They also conceded in the argument that the defendant was incorporated, but maintained that it was a Virginia, and not a South Carolina, corporation."
In the first place, it made no difference whether the defendant was a South Carolina or Virginia corporation, since no question as to the right of removal was involved.
And, in the second place, the question is concluded by the case of Beaty v. Ry., 80 S.C. 527, 61 S.E., 1006.
Fifth exception: This exception raises the question whether there was any evidence of punitive damages. There was testimony to the effect that at the point where the defendant's trestle crosses the river the channel ran on the west side of the stream, and prior to October, 1904, there was an opening or span about eighty feet in width, through which rafts of lumber passed; that this channel had remained unobstructed since 1881; that in October, 1904, this opening was closed by *Page 285 
driving down sixteen piles, thus obstructing navigation, and that it so remained until April, 1906; that during the interval between October, 1904, and April, 1906, the only opening for navigation was a span of forty feet in width, on the eastern side of the river, but was entirely out of the channel, and was put in by the railroad company for navigation by steam and sail boats; that in order to transport rafts through the span on the east side of the river it was necessary that there should be a force, some distance up the river, with ropes and a windlass, to catch the rafts as they came down and draw them out of the current to the eastern side of the river; that unless this was done the rafts drifted against the obstruction put into the span on the west side and were destroyed; that prior to March, 1905, the defendant had notice that the obstruction of the large span was becoming a menace to navigation, and that lumber which was coming down was being sunk; that it only took about three weeks to repair the bridge after obtaining the material for the work.
There was likewise testimony in behalf of the defendant tending to explain the delay in repairing the bridge, and showing that numerous rafts passed through the smaller span in safety, and that the current of the river ran through the smaller opening.
In view of these facts the question was properly submitted to the jury.
Sixth, seventh and eighth exceptions: These exceptions cannot be sustained for the reason that the charge was responsive to the issues made by the pleadings; but even if there were no such issues, the attention of his Honor, the presiding Judge, should have been directed to such fact.
Ninth exception: This exception was not argued by the appellant's attorney, and, therefore, will not be considered.
The judgment is affirmed. *Page 286