## 10910

### SANDEL v. STATE

#### (115 S. E., 802)

1. TRIAL—FACTS HELD NOT TO SHOW COERCION OF THE JURY.—A state-
   ment by the Court that he was sorry to inconvenience the jury by
   keeping them to consider the case on Sunday, but they got into. it
   on the last day of the week and have to keep at it until all evidence
   was exhausted to dispose of it according to law, was not coercion
   of the jury into finding a verdict.

2. NEGLIGENCE—INSTRUCTION ON INTERVENING CAUSE HELD PROPER.—
   A sentence in the charge that defendant would not be liable if
   there would be any intervening or new and independent cause be-
   yond its control must be considered in connection with the proper
   limitation of an intervening cause to such as operated of itself to
   produce the injury and was not the natural result of the prime
   cause which followed the sentence objected to, and so construed was
   not erroneous.

3. APPEAL AND ERROR—EXCEPTION TO FAILURE TO CHARGE NOT CON-
   SIDERED IN ABSENCE OF REQUEST FOR CHARGE.—An exception to the
   failure of the Court to charge a designated proposition of law does
   not require reversal, where there was no request to so charge.

Before TOWNSEND, J., Richland.    Affirmed.

Action by J. O'Neall Sandel, as Administrator, against
the State, to recover damages for the death of a minor
child alleged to have resulted from impure anti-typhoid vac-
cine furnished by the agents of the State.    Judgment for
defendant and plaintiff appeals.    Affirmed.

The exceptions of appellant were as follows:

#### EXCEPTIONS

"1. Because it was error in his Honor to exclude the re-
port of Dr. F. A. Coward, director of the State laboratory,
on the ground that the same was hearsay and did not bind
the State, when he should have held said report was com-
petent for the following reasons:

"(a) Because the question of the admissibility of said
report was *res adjudicata,* for the admissibility of said re-
port had already been determined in this very case of *Sandel*

*v. State,* 115 S. C., 168; 104 S. E., 567; 13 A. L. R., 1268.

"(b) Because this report, being an official documênt of a department of the State government, was admissible in evidence and entitled to the highest degree of credit.

"(c) Because said report was an admission on the part of an agent of the State and the same was admissible as such admission.

"2. Because the Court erred in coercing the jury and forcing them to rendèr a verdict by charging the jury as follows: 'In the first place, I want to say that I am very sorry that I have to inconvenience you by keeping you to consider this case on Sunday, but we got into it yesterday and it was the last day of the week, and we have to keep at it until we have exhausted all efforts to get rid of it, disposing of it according to law.' Said charge tending to make the jury believe that he intended to keep them until they rendered a verdict.

"3. Because his Honor erred in charging the jury as follows: 'Now, if, however, as said by the Supreme Court in another case, the State were negligent in the preparation of this vaccine or the distribution of this vaccine, as alleged in the complaint, but if it should further appear that the death of Minnie Sandel was not the natural sequence, the natural and direct and proximate sequence, or result of such act of negligence on the part of the State, its agents, and servants, and if the death of Minnie Sandel would not have resulted from such act of negligence, if any, as you may find proven, on the part of the agents or servants of the State, alleged in the complaint, as a direct and proximate result thereof—if there had been any intervening or a new and independent cause beyond the control of the State, its servants or agents, which ought not to have been anticipated or foreseen by the State, its servants or agents, then the damages arising from the death of Minnie Sandel would not be chargeable to the State, for the State would not be liable·

for them.' Said charge being erroneous in the following particulars:

"(a) Because it is confusing and misleading and evidently had the effect of misleading said jury and confusing them as to direct and proximate cause.

"(b) Because the Court erred in stating to the jury the decision of the Supreme Court in this case, the Court having decided directly to the contrary of what the Circuit Judge told them they had decided.

"(c) Said charge was erroneous for the reason that the Judge charged the jury that if there had been any intervening or a new and independent cause beyond the control of the State, its servants or agents, which ought not to have been anticipated or foreseen by the State, its servants or agents, then the State would not be liable, the true rule being as follows: In operation the intervening cause succeeds or follows that which for convenience is called the primary cause, though, as we have seen, it is only the remote cause; but concurring causes operate contemporaneously to produce the injury, so that it would not have happened in the absence of either. If by the exercise of reasonable foresight and diligence a concurring cause should have been foreseen and foreguarded, of course liability for it attaches. But the mere fact that one of the several concurring causes may not have been reasonably anticipated is not enough to shield from liability him who sets in motion the other; for it is well settled that the negligence complained of need not be the sole cause of the injury.

"4. Because his Honor erred in not charging the jury that all that the plaintiff had to show was that the negligence of the defendant was a proximate concurring cause of the injury; that is, one that was so efficient in causation that but for it the injury would not have occurred."

*Messrs. Graydon & Graydon,* for appellant, cite: *Permission to sue:* 30 Stat., 1097. *Official document of State admissible:* Greenl., Evid., Sec. 483.

*Messrs. S. M. Wolfe, Attorney General, John M. Daniel, Assistant Attorney General,* and *Alva M. Lumpkin,* for respondent, cite: *Force and effect· of official record as evidence:* 22 C. J., 801, Par. 914; 153 U. S., 109; 91 U. S., 238; 94 U. S., 593; 9 N. E., 22; 109 Mass., 24; 5 App Cas., 623; 112 N. E., 612; 1 Greenl., Evid., Sec. 236. *Erroneous exclusion cured by testimony as to subject matter of evidence excluded:* 84 S. C., 526; 85 S. C., 221; 85 S. C., 90; 88 S. C., 98. *What amounts to coercion of a jury:* 86 S. C., 17; 107 S. C., 117; 105 S. C., 150; 81 Ala., 335; 67 Conn., 577; 12 Minn., 434.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The facts of this case will sufficiently appear in the appeal heretofore decided (115 S. C., 168; 104 S. E., 567; 13 A. L. R., 1268), the opinion in which of the Court *en banc* has recently been filed. From verdict and judgment for defendant, the plaintiff appeals. The exceptions raise these questions:

1. Was there error in excluding the report of Dr. Coward? This is concluded against the contention of the appellant in the opinion last above referred to.

2. Was the presiding Judge guilty of conduct tending to coerce the jury into finding a verdict? The grounds stated in the exception sufficiently demonstrate the lack of foundation for this charge.

3. Was there error in the charge relating to proximate cause?

The error assigned is in the following sentence:

"If there had been any intervening or a new and independent cause beyond the control of the State, its servants or agents, which ought not to have been anticipated or foreseen by the State," the State would not be liable. ·

The judgment of the Circuit Court upon the first trial, in favor of the State, was reversed upon the ground of error in charging that "any intervening cause" would relieve the State from liability; the Court very properly holding that any intervening cause would not be sufficient, but that it must have been such an intervening cause as operated of itself to produce the injury and was not the natural result of the prime cause. The Circuit Judge had this decision before him and evidently intended to connect the yords "any intervening cause," as well as the words "new and independent cause," with the proper limitation which followed.

4. The fourth exception assigns error in not charging a certain proposition of law. We do not find that any request to so charge was preferred, and the exception, therefore, will not be considered.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.