11406

DeLORME v. STAUSS
DeLORME *ET UX.* v. STAUSS

(121 S. E., 370)

1. APPEAL AND ERROR—GIVING IRRELEVANT INSTRUCTION HELD NOT REVERSIBLE ERROR WHEN QUESTION NOT RAISED BELOW.—Where appellant failed to call the trial Judge's attention to the fact that an instruction was irrelevant either at the trial or on motion for a new trial, *held* that it was not reversible error.

2. MUNICIPAL CORPORATIONS—INSTRUCTION AS TO DRIVING AUTOMOBILE ON LEFT SIDE OF STREET HELD PROPER.—In an action for damages resulting from an automobile collision, an instruction as to the effect of driving on the left side of the street *held* proper.

───────────

Note: On violation of ordinance as to part of street or highway to be used by vehicles as negligence or contributory negligence, see note in L. R. A. 1917C, 999.

On defendant's violation of law as affecting defense of contributory negligence, see note in L. R. A. 1915D, 968.

On right or duty to turn in violation of law of the road to avoid traveler or obstacle, see note in 24 A. L. R., 1304.

On reciprocal duties of drivers of automobiles proceeding in the same direction, see note in 24 A. L. R., 507.

3. MUNICIPAL CORPORATIONS—OBJECTION TO INSTRUCTION AS TO VIOLATING TRAFFIC ORDINANCE HELD WITHOUT MERIT.—In an action for damages resulting from an automobile collision, an objection that an instruction as to the effect of violating a traffic ordinance precluded defendant from rebutting the presumption of negligence *held* without merit.

4. MUNICIPAL CORPORATIONS—INSTRUCTION AS TO DRIVER'S DUTY TO KEEP TO RIGHT HELD CORRECT.—In an action for damages resulting from an automobile collision, an instruction as to the duty to keep to the right of the street *held* correct.

5. DAMAGES—IN AN ACTION AGAINST AUTOMOBILE OWNER INSTRUCTION AS TO PUNITIVE DAMAGES HELD PROPER.—In an automobile collision action in which defendant's automobile was operated by his agent, an instruction as to punitive damages *held* proper.

6. MUNICIPAL CORPORATIONS—VIOLATION OF TRAFFIC ORDINANCE NEGLIGENCE PER SE.—In an automobile collision action, an instruction that the violation of the traffic ordinance as to rate of speed constituted negligence *per se, held* not to require a new trial.

Before RICE, J., Charleston, April, 1923.   Affirmed.

Separate actions by Murat D. DeLorme against George P. Stauss and Murat DeLorme and wife against George P. Stauss tried together.   From judgments for plaintiffs defendant appeals.

Defendant's exceptions follow:

I. Because the presiding Judge erred in charging the jury the seventh request of the plaintiffs, as follows: "I charge you that the driver of an automobile has no right to take advantage of the force, weight, and power of his machine as a means to move property out of his way; he is bound to use due care in the operation of the machine which he is driving."   The errors assigned being: (a) That said request is charged as a proposition of law applicable to the facts proved in this case, whereas said proposition, while true as a generalization of law, is irrelevant and inapplicable herein; (b) that as applied to this case, said request was prejudicial to the defendant, as tending to suggest to the jury that the defendant had done this

and as tending to prejudice the minds of the jury toward the defendant.

II. Because the presiding Judge erred in charging to the jury the eighth request of the plaintiffs, as follows: "Among the allegations of contributory negligence set up by the defendant in this case is one of 'driving the car on the left-hand side of Meeting Street.' Section 617 of the Criminal Code 1912 provides that every person traveling or passing on or over any public highway shall keep strictly to the right of the center of the said public highway, so as not to obstruct the passageway of any other person, carriage, animal, or other thing on the other side of the center thereof. This particular section was interpreted in the case of *Walker v. Lee,* 115 S. C., 495; 106 S. E., 682, in the following language: "A proper construction of the statutes does not require that one should at all times stay in the right of the center of the road, but it means that a party must take the right when he is meeting one, so as to give the party coming from the opposite direction his right of way unobstructed. A party has a right to travel on either side of the road, provided no one is coming from the opposite direction, and provided he is not obstructing the passage of any other person. A traveler can cross from one side to the other, provided no one is there, provided he obstructs no one's passage and provided he injures no one by so doing, in person or property. * * * Even though a person is driving where he has a right to, he must act under the emergencies of any case and exercise due care and circumspection, so as to prevent collisions and injuries, provided he does not obstruct the rights of the others traveling in a different direction."

Again this principle of law was construed in the case of *Sims v. Eleazer,* 116 S. C., 44; 106 S. E., 854; 24 A. L. R., 1293, in the following language: "The wording of the statute does not require that in meeting and passing another a vehicle shall keep to the right. The statute does not con-

template that at all times a person traveling shall strictly comply with the terms of the statute. A person traveling a highway has the right to travel on either side of the road when no one is coming in the opposite direction, and he does not interfere with the traveling of another coming from the opposite direction, and in no manner impedes or obstructs the rights of others coming from an opposite direction. If he is meeting and passing, he must bear to the right and comply with the terms of the statute. In passing any one in front of him going in the same direction, he must pass him on the left, giving the one in front of him the benefit of bearing to the right. Any one passing him going in the same direction must pass on his left."

The errors assigned being: (a) That said request is charged as a proposition of law applicable to the facts of this case, whereas the allegation of the defendant referred to was based also on the ordinance of the City of Charleston, which reads as follows: "Sec. 2. All vehicles shall keep to the right of the center of all streets"—and the presiding Judge has not qualified the above request to apply to this ordinance, but has charged it as applicable in itself to the allegation of negligence, above referred to; (b) that said request as charged fails to instruct the jury properly on the allegation of negligence made by the defendant above referred to, in that it fails to charge the jury that the said ordinance applies and provides a rule different from that applied by the Supreme Court of this State in the cases cited, which the judge has charged.

III. Because the presiding Judge erred in charging the jury as follows: "Now if the negligence—and before I refer to contributory negligence, it is the law that where one violates the traffic ordinances of the city, drives at a greater rate of speed than the maximum allowed by the ordinance, when that is shown then he is guilty of negligence *per se,* whether he is a man or woman; whenever that is established then negligence is made out against that person."

The error assigned being that said portion of the charge precludes the defendant from rebutting the presumption of negligence arising from the admitted violation of the speed ordinance in this case, by showing that it was not negligent so to do under the facts proved, whereas Section 25 of the Traffic Regulations of the City of Charleston, entitled "Ordinance to Regulate the Use of Streets of the City of Charleston by Vehicles," ratified May 22, 1917, amended December 28, 1920, provides as follows: "Sec. 25. It shall be unlawful for any one to run or cause to be run any automobile, truck or motorcycle, or any other conveyance aforesaid on the streets of Charleston, south of Line Street at a greater speed than fifteen (15) miles per hour, except, etc. * * * Speed in excess of these regulations shall be regarded as *prima facie* evidence of reckless driving. In cases of accident, the fact that a vehicle was being driven at the rate of speed specified in the ordinance shall raise no presumption in favor of the driver that he was driving in a careful and prudent manner"—thereby providing that speed in excess of the maximum allowed by the ordinance shall be merely *prima facie* negligence, and rebuttable in this case by the defendant.

IV. Because the presiding Judge erred in charging the jury as follows: "Under the State law a driver does not have to drive to the center of the highway all the time. If there is no one on his side of the road, he can drive in the center, on the right or left of the road. I don't know of any law which requires any person to stay on the right or center of the road all the time, but if he is meeting a person then it is his business to turn to the right of the center of the road; when the man behind gives a signal or warning to the man in front that he wants to pass, the business of the man in front is to turn to the right and the person following to turn to the left in order to pass. Now, so far as I know that about covers the law of the highway, and not only of the public highway but of the streets of the

City of Charleston." The error assigned being that the jury were thereby charged that the rule of the State Statute, as construed by the Supreme Court, that one may drive on the left or to the center of a road, when no one is coming in the opposite direction, is applicable to this case, the accident happening on the streets of the City of Charleston, whereas Section 2 of the Ordinances of the City of Charleston provides *in toto* as follows: "Sec. 2. All vehicles shall keep to the right of the center of all streets."

V. Because the presiding Judge erred in charging the jury, following oral request of counsel for the defendant to instruct the jury "that a driver of an automobile must keep to the right of the center of the road," as follows: "That is right, but that don't mean if you wanted to go into your place of business that you could not turn across the street to go in, but the ordinances of the City of Charleston regulating a person driving along the street require that he drive to the right of the center of the street; but I will say this, a person driving an automobile in the City of Charleston is bound to observe the ordinances, but if it is necessary to go across the center of the street to go into your home or place of business, I don't know of any law which forbids him to do it." The errors assigned being: (a) That in charging the proposition of law requested by the defendant, he qualified it by an erroneous statement of law, so as to destroy the effect of the request charged; (b) that in the modification and application of the request charged, the presiding Judge charged on the facts in the case, contrary to the provisions of Section 26 of Article 5 of the Constitution of South Carolina, in that he instructed the jury that the plaintiffs' course of conduct, specifically alleged by the defendant to be an act of negligence, was not forbidden by any law known to him; (c) that the presiding Judge charged the jury that it is lawful for one driving an automobile to go to the left of the center of the street, if necessary to get into one's home or place of busi-

ness on the right of the street, whereas no such exception
is made by Section 2 of the Traffic Ordinances of the City
of Charleston, which merely provides as follows: "Sec. 2.
All vehicles shall keep to the right of the center of all
streets."

VI. Because the presiding Judge erred in charging the
jury that they might find actual damages against the de-
fendant, and, "in addition, you may find punitive damages
if you think they ought to have it." The error assigned
being that the presiding Judge instructed the jury that
punitive damages were recoverable against a master in all
cases where the palintiffs were damaged as a result of the
willfulness or wantonness of his agent, whereas such dam-
ages are not properly recoverable against a master for the
willful or wanton tort of a servant in the scope of his em-
ployment, unless it appears that the master was negligent
in the selection of the servant, or directed or subsequently
ratified the act which constitutes the tort.

VII. Because the presiding Judge erred in overruling de-
fendant's motion for a new trial made on the following
grounds:

(1) Because the verdict was excessive, and not warranted
by the injuries proved.

(2) Because the presiding Judge erred in charging that
the violation of Section 25 of the City of Charleston Traffic
Ordinances constituted negligence *per se.*

*Messrs. Rutledge, Hyde & Mann* and *R. M. Figg, Jr.,*
for appellant, cite: *Violation of ordinance is prima facie
evidence of negligence but not negligence per se under
Charleston Ordinances:* 90 S. C., 281; 83 S. C., 254; 84
S. C., 336; 90 S. C., 273; L. R. A., 1915-E, 506; 77 Atl.,
950; 106 Pac., 337; 84 S. C., 122. *Charge on facts:* 47
S. C., 488; 51 S. C., 453; 76 S. C., 49; 68 S. C., 150 p.
*Case of Rucker v. Smoak, 37 S. C., 337 as to punitive
damages should be reversed:* 4 Strob., 363; 4 Exch., 581; 7
Vt., 62; 120 Fed., 389; 30 N. Y., 78; 147 U. S., 101; 3

Wheat, 558; 3 R. T., 88; 21 Cola. L. Rev., 824; 23 Cola. L. Rev., 194.

*Messrs. Thos. P. Stoney, J. D. E. Meyer* and *A. R. Mc-Gowan,* for respondent, cite: *Defendant may not complain of irrelevant charge where he did not call attention to it:* 80 S. C., 414; 74 S. C., 102; 72 S. C., 174; 64 S. C., 104; 71 S. C., 44; 73 S. C., 557; 90 S. C., 415. *Laws of the highway:* 115 S. C., 495; 117 S. E., 303; 116 S. C., 43. *Recklessness is equivalent to wantonness:* 69 S. C., 445; 108 S. C., 303 p. *Duty of judge to construe all written instruments:* 53 S. C., 534; 69 S. C., 1p.; 59 S. C., 304p. *Master is liable for wilful tort of his servant done within scope of his employment:* 108 S. C., 217; 81 S. C., 317. *Court will not disturb verdict on the ground that it was excessive:* 84 S. C., 155; 113 S. E., 382; 115 S. E., 768.

January 30, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

The "case" contains the following:

"The two above-entitled cases were tried together by consent of the attorneys representing the respective parties, and these cases arose out of the same collision, at the same time and place. The first-mentioned case was an action for damages arising out of personal injuries suffered by Murat D. De Lorme, and was for the sum of $1,000. The other case was a case brought by Lula T. De Lorme, in which her husband was joined, solely for compliance with the statute, and consisted of two causes of action; the first cause of action being for injuries to the automobile which was the property of Lula T. De Lorme and was for the sum of $1,500, while the second cause of action was for personal injuries suffered by Mrs. Lula T. De Lorme and was for the sum of $3,000."

The jury found in the first case in favor of the plaintiff $1,000, and in the second case in favor of plaintiffs $4,-

500; it being the full amount asked for in each case. A motion for a new trial was made, and Judge Rice refused the same by the following order:

"The above-entitled actions were tried together, upon consent, before a jury. The jury returned a verdict of $1,000 for the plaintiff in the first case, and a verdict of $4,500 for the plaintiffs in the second case.

"A motion for a new trial was made upon the two following grounds:

"(1) That there was error of law in his Honor, the trial Judge, charging that a violation of Section 25 of the Traffic Ordinances of the City of Charleston would be negligence *per se*.

"(2) That the verdicts were excessive.

"After hearing, it is ordered that the motion for a new trial be and the same hereby is refused."

Thereupon appellant appeals, and by seven exceptions imputes error and asks reversal. The motion for a new trial was based only on two grounds.

The first, second, fourth, fifth, and sixth exceptions are raised here for the first time. During the trial no motion was made as to punitive damages; no request was made to instruct the jury as to punitive damages, and it was not mentioned nor relied on in motion for a new trial.

Appellant asked to review *Rucker v. Smoke,* 37 S. C., 377; 16 S. E., 40; 34 Am. St. Rep., 758, and cases decided by this Court since that decision and in line with it.

After a careful consideration of appellant's argument, while we are impressed with the skill, ability, and industry of appellant's counsel in hunting up and citing authorities from other Courts, we see no reason to reverse the decision in *Rucker v. Smoke,* 37 S. C., 377; 16 S. E., 40; 34 Am. St. Rep., 758, and cases decided by this Court following that decision. *Rucker v. Smoke* was decided in 1892, and has been followed over 30 years, and we are content with the reasoning and wisdom of it.

Exception 1 is overruled. Appellant failed to call
1   the Court's attention that it was irrelevant to the
issues and cannot be a reversible error, and it was
not urged in the motion for a new trial, and never before
the trial Judge.

Exception 2 is overruled under *Walker v. Lee,* 115
2   S. C., 495; 106 S. E., 682, and *Sims v. Eleazer,*
116 S. C., 43; 106 S. E., 854; 24 A. L. R., 1293.

3   Exception 3 is overruled for being without merit.

Exception 4 is overruled. The Court construed the
4   statutes and ordinances properly and instructed the
jury on the law of the case fully and correctly and
without any error.

Exception 5 is overruled for the same reason, there being
no error.

Exception 6 is overruled under *Taber v. Railway,*
5   81 S. C., 317; 62 S. E., 311, and *Jones v. A. C. L.
Railway Co.,* 108 S. C., 217; 94 S. E., 490.

Exception 7 is overruled under *Matthews v. Payne*
6   ( S. C.), 113; S. E., 382. *Southerland v. Davis*
(S. C.), 115; S. E., 768. *Crawford v. Charleston-
Isle of Palms Traction Co.* (S. C.), 120 S. E., 381.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.