## 11738

### WATSON v. SPROTT

#### (126 S. E., 488)

1. HIGHWAYS—CONTRIBUTORY NEGLIGENCE IS DEFENSE TO CHARGE OF NEGLIGENCE PER SE CONSISTING OF RUNNING CAR AT UNLAWFUL RATE OF SPEED.—Plaintiff's contributory negligence is available defense, notwithstanding defendant's act of running his car at unlawful rate of speed was negligence *per se.*

2. APPEAL AND ERROR—THAT CERTAIN EXCEPTIONS DO NOT COMPLY WITH RULE IS HARMLESS WHERE REVERSAL IS REQUIRED ON ANOTHER GROUND.—That certain exceptions do not comply with rule is harmless where reversal is required on another ground.

Before MEMMINGER, J., Clarendon, October, 1923. Reversed.

Action by Sam Watson against C. N. Sprott. Judgment for plaintiff and defendant appeals.

The Court charged the jury. in part as follows:

"Now then, as already stated,. of course, if those things are made out along the lines I have stated to you, as a proximate cause bringing about this injury, if not made out by the greater weight of the testimony, the case ends, and you will find for the defendant. But, if they are made out, you have to go on then and consider the answer. Of course, if you decide this injury was brought about by any of the acts of gross or willful negligence charged in the complaint, going too fast in the wrong place, if you find that was the cause of it, of course this defense of the defendant of contributory negligence would not be a defense as to that, because that would be negligence *per se,* and in order to defeat a recovery, if you find that to be the case, you would have to find that the plaintiff himself was guilty of gross or willful negligence, which contributed to and brought about the injury of the plaintiff as a proximate cause.'"

NOTE: The decision in this case was overlooked. For subsequent appeal, see 134 S. C., 329; 133 S. E., 31.

*Messrs. Durant & Ellerbe,* and *W. C. Davis,* for appellant, cite:

*Party, to avoid injury to another, must violate traffic law:* 115 S. C., 495. *Court may not comment on testimony:* 87 S. C., 198; 47 S. C., 522. *Court should not intimate inference to be drawn from facts:* 76 S. C., 64. *"Evidence" defined:* 40 S. C. L., 52; 10 S. C., 273; 10 N. C., 122: 56 Ala. 87; I Greenleaf on Ev., Sec. 1. *Case distinguished:.* 117 S. C., 516.

*Messrs. Dinkins & Stukes* for respondent cite: *violation of statute evidence of wilfulness and recklessness:* 120 S. E., 381; 108 S. C., 390; 90 S. C., 281; 85 S. C., 23; 84 S. C., 536; 83 S. C., 354. *Charge on negligence, without making it subject to claim of contributory negligence, not error where law of contributory negligence was elsewhere charged:* 85 S. C., 23; 84 S. C., 202; 83 S. C., 354; 78 S. C., 537. *Comments on facts by Court not prejudicial:* 47 S. C., 488. *Duty of automobile driver blinded by glare to stop:* 32 A. L. R., 888; note: 10 A. L. R., 294; note.

April 3, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER, as follows:

"The respondent brought this action for the recovery of actual and punitive damages for personal injuries to him resulting from being run down by an automobile driven by the appellant. The respondent was riding with one D. C. Mason in Mason's automobile upon an improved road, being part of the state highway system, in Clarendon county, when they reached another automobile which was disabled, and Mason stopped his car beyond the disabled car and on his right of the road, all witnesses agreeing that his car was to its right of the center of the road. The respondent and Mason offered to help the man in charge of the disabled car who was working on same and attempting to get it started. The disabled car was on its right of the road, according to all

witnesses, and not opposite Manson's car, there being room
to drive between the two, as several who testified did drive.
The respondent was assisting in the work done upon the
disabled car, and was either in the act of getting out of it,
or actually out of it, as he testified, when the appellant drove
his automobile from the rear of the disabled car into it and
into the respondent, and respondent was seriously injured
by the collision, both of his legs being fractured, one being
so badly injured that, according to the testimony of the
surgeon, he will probably never regain the use of it. The
accident occurred just as it was beginning to get dark, and
Mason had just turned on his lights as a precaution, and
when he saw appellant approaching he turned his lights from
bright to dim. These lights, appellant contended, blinded
him and he was able to see nothing, but thought that he was
passing a moving car, and ran on into the disabled car and
into respondent, without having previously seen it or him.
The speed at which appellant was driving is disputed,
witnesses for the plaintiff testifying that the rate of speed
was excessive and above the statutory speed limit, but appell-
ant himself testified that he was driving not over 20 miles
an hour. Appellant testified that he could easily have stopped
his car between the point where he was first blinded and the
point where he struck the disabled car and respondent."

The verdict was for the plaintiff, and from the judgment
based upon this verdict the defendant appealed.

One of the specifications of negligence was that the
defendant was exceeding the speed limit fixed by
statute. The presiding judge charged the jury that,
if the defendant was running his car at an unlawful rate of
speed, then it was negligence *per se,* and contributory
negligence was not an available defense to negligence *per se.*

We have been referred to no authority, and we know of
none to sustain that charge. It is true the respondent denies
that his Honor so charged. The charge, to say the least of
it, was confusing, and the jury may have been misled. This

assignment of error is sustained. This disposes of exceptions 1 and 2.

Exceptions third, fourth, and fifth do not comply with the rule, in that they require reference to other parts of the case to make out the error complained of; but this is harmless here, inasmuch as these three exceptions, and also the sixth exception, complain of errors peculiar to that trial.

The judgment appealed from is reversed.

Messrs. Justices Watts and Marion concur.

Mr. Chief Justice Gary and Mr. Justice Cothran did not participate.