## 11969

### WATSON v. SPROTT

#### (133 S. E., 27)

1. APPEAL AND ERROR—PLAINTIFF, IN ACTION FOR INJURY RESULTING FROM AUTOMOBILE COLLISION, HAVING WITHDRAWN REQUEST FOR CHARGE OUTLINING PROPER SPEED LIMIT AFTER JUDGE HAD MISTAKENLY CHARGED THEREON, HELD TO HAVE WAIVED RIGHT TO COMPLAIN OF INSTRUCTION (ACT MARCH 26, 1924 [33 ST. AT LARGE, P. 1182]; CR. CODE 1922, § 581; CONST. ART. 5, § 26).—Where plaintiff in action for injury resulting from automobile collision on highway, after instruction by Court setting out speed limit as authorized by Act March 26, 1924 (33 St. at Large, p. 1182), where in fact accident happened in 1923, withdrew requested instruction, which set out proper rate of speed under Cr. Code 1922, § 581, *held* that

plaintiff waived right to complain of Court's instruction, notwithstanding Const. Art. 5, § 26, requiring judges to declare law in charging juries.

2. APPEAL AND ERROR—PLAINTIFF CANNOT COMPLAIN OF COURT'S CHARGE IN ACTION FOR INJURY IN AUTOMOBILE COLLISION ON HIGHWAY RELATIVE TO STATUTORY REQUIREMENTS AS TO LIGHTS ON AUTOMOBILE AS BEING INSUFFICIENT, WHERE HE FAILED TO REQUEST ADDITIONAL INSTRUCTIONS IN APT TIME.—Where Court in action for injury in automobile collision on highway instructed jury as to certain statutory requirements in regard to lights on automobiles, plaintiff cannot complain because charge was not sufficiently comprehensive after failure to request additional instructions in apt time.

Before WILSON, J., Clarendon, June, 1925. Affirmed.

Action by Sam Watson against C. N. Sprott. Judgment for defendant, and plaintiff appeals.

*Messrs. Dinkins & Stukes,* for appellant, cite: *Former appeal:* 126 S. E., 488. *Duty of Court to declare law:* 112 S. E., 83; 11 C. J., 295; 31 Cyc., 1678. *Error for Court to charge proposition of law not applicable to facts:* 70 S. C., 328. *Contradictory charge:* 104 S. C., 381; 102 S. C., 413.

*Mr. Charlton DuRant,* for respondent, cites: *Waiver of right to have law charged:* 129 S. E., 457; 100 S. C., 28; 59 S. C., 103; 37 S. C., 251; 11 Ency. Pl. & Pr., 217.

April 28, 1926.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action by the plaintiff for the recovery of damages on account of personal injuries sustained in February, 1923, as the result of a collision with defendant's automobile on a highway, the jury found for the defendant. From judgment thereon, the plaintiff appeals. This is the second appeal in this cause, and the case contains the statement that "practically the same testimony was taken at the second trial as at the first." On the first appeal the plaintiff-appellant was the respondent, and his version of the facts is fully

stated in the opinion of this Court, reported in 126 S. E., 488.

The appellant's six exceptions make the two points: (1) That the Circuit Judge erred in charging the jury, "the Act of 1924, creating zone or congested areas and increasing the speed limit from 25 miles to 35 miles per hour, when the accident involved in this suit occurred in 1923"; and (2) that the Circuit Judge committed reversible error in failing to charge the jury properly "as to the statutory requirements as to lights on automobiles." The first of appellant's foregoing points (exceptions 1 to 5 inclusive) is based upon certain of the statements contained in the following portion of the Judge's charge:

"And it says, 'No person shall operate a motor vehicle on a public highway at a rate of speed greater than is reasonable and proper at the time and place, having regard to the traffic and use of the highway and its condition, or so as to endanger the life, limb or property of any person, or, in any event, at a greater rate than used to be 25 miles an hour, when this section was passed, but it has been amended by the Act of 1924 (Act March 26, 1924 [33 St. at Large, p. 1182]), making it 35 miles an hour; not greater than 35 miles an hour. I take that to mean—although lawyers differ about that—I take it to mean that a man has no business to operate an automobile, under any circumstances, at a greater rate than 35 miles an hour. I take it that the law means it is against the law to run an automobile at a greater rate than 35 miles an hour; and that is why we have what we call 'cops' or policemen along the road to arrest people, so that they can catch them with motorcycles, and arrest them right there if they run over 35 miles an hour. 35 miles an hour is the limit. And not exceeding 20 miles an hour in the vicinity of populated districts, schools, and so on; and even then you must not go beyond any speed that will endanger people where you are passing through a congested section, and in any congested place you must not go at any

speed if necessary to stop. The municipalities have the power to even lessen the speed in a town or congested place, but they must post these regulations if they differ from the statute.' "

It is contended that, since one of the specifications of negligence contained in the complaint charged a violation by the defendant of the statutory speed limit, and, since there was some evidence tending to establish that at the time of plaintiff's injury in February, 1923, the defendant was running his automobile at a speed in excess of 25 miles per hour, the trial Judge, by referring to and stating the provisions of the Act of 1924 as to the speed limit, etc., committed reversible error.

Appellant's right to have that contention sustained is to be considered in the light of the following facts and circumstances disclosed by the record: After the Judge had charged the jury in the language above quoted, he said, "Now, there are certain requests here"—referring to plaintiff's requests to charge—and intimated his intention to charge them. The first of these requests was as follows:

"(1) You are instructed that it is the duty of one operating an automobile on the public highway to exercise due care to avoid injury to any one else upon the highway, and that the law of this State prohibits any person from operating a motor vehicle on the public highway at a rate of speed greater than is reasonable and proper at the time and place, having regard to the traffic and use of the highway and its condition, or so as to endanger the life, limb, or property of any person, or, at the time that plaintiff was injured, in any event at a greater rate than 25 miles per hour. 1922 Code, Vol. 2, § 581.".

The Judge had started to read the foregoing request to the jury, when the following interruption by plaintiff's counsel occurred: "Mr. Stukes: If your Honor please, we would like to withdraw No. 1 and No. 3; you have covered them in your charge." Thereafter, the Judge having charged

the plaintiff's requests other than "No. 1 and No. 3" and
certain requests of defendant, addressed to counsel the in-
quiry, "Anything else?"—to which no response was made.

In the circumstances indicated we are of the opinion
that the plaintiff waived any right to complain of the
trial Court's instructions which are made the basis of
his exceptions here. This second trial was had in June,
1925, and the trial Judge's reference to and statement of the
provisions of the Act of 1924 was patently due to inadver-
tence in overlooking the date of the injury as alleged in the
complaint. This inadvertence, like a mistake in stating the
issues to which it bears a somewhat close analogy, was one
which could easily have been called to the Court's attention
and readily corrected. For that reason, which is the under-
lying reason for the well-settled rule that in order to be
available on appeal a mistake in stating the issue must be
called to the trial Court's attention, we think the nature of
the error here assigned was one which imposed upon counsel
of the party aggrieved the duty of calling the error to the
Judge's attention.

But appellant contends that the charge complained of was
an erroneous statement of the law applicable to the case, and
invokes in that regard the constitutional mandate that
"Judges shall declare * * * the law." In the recent case of
*White et al. v. C. & W. C. R. Co.,* 132 S. C., 448, 453;
129 S. E., 457, 459, this Court quoted with approval the
following from the decision in *State v. Adams,* 68 S. C.,
424; 47 S. E., 676:

"It is true, the Constitution of 1895 (Article 5, § 26),
requires the Judges in charging juries 'to declare the law.'
But the right to have all the law declared may be waived
like any other right."

That the constitutional provision referred to made no es-
sential change in the general rule that "a party cannot on
appeal complain of instructions to which he expressly or im-
pliedly consented, or in the giving of which he acquiesced"

(3 C. J., 845, § 751) has been recognized by this Court in numerous decisions. Thus, it has been frequently held that, in the absence of a request for a more specific instruction, an aggrieved party is not entitled to complain on appeal that the charge was not sufficiently specific or definite (*Garrett v. Weinberg,* 59 S. C., 162, 194; 37 S. E., 51, 225. *Fowler v. Harrison,* 64 S. C., 311; 42 S. E., 159.' *Brickman v. So. Ry.,* 74 S. C., 306; 54 S. E., 553. *Moore v. Greenville Traction Co.,* 94 S. C., 249; 77 S. E., 928. *Latimer v. Anderson County,* 95 S. C., 187; 78 S. E., 879. *Kelly v. Rose,* 120 S. C., 223; 112 S. E., 919. *Sloan v. Lee,* 121 S. C., 426; 114 S. E., 408), and is not entitled to have the giving of an irrelevant instruction declared reversible error where he failed to call the trial Judge's attention to the fact that the instruction was irrelevant (*De Lorme v. Stauss,* 127 S. C., 459; 121 S. E., 370. *Ackerman & Reeves v. A. C. L. R. Co.,* 83 S. C., 278; 65 S. E., 265. *Davis v. Reynolds,* 91 S. C., 439; 74 S. E., 827). Since in the portion of the charge here complained of the trial Judge correctly instructed the jury both as to the speed limit fixed by statute prior to the Act of 1924, to wit, twenty-five miles an hour, and the speed limit after the passage of the Act of 1924, to wit, thirty-five miles an hour, etc., it is apparent that any valid criticism of the charge must rest, in the last analysis, upon the two grounds, (1) that it was too broad and indefinite, in that it failed specifically to direct the jury's attention to the fact that the statutory speed limit applicable to the case on trial was that in force prior to 1924, and (2) that it was irrelevant in that the provisions of the Act of 1924 were inapplicable to any issue made by the pleadings. The error alleged, being in essence an error of indefiniteness or irrelevancy, under the settled rule applied in the cases cited and in numerous others, it might properly have been held that plaintiff waived the right to avail himself thereof on appeal by merely failing to request a more definite instruction or to call the trial Judge's attention to the fact that

the instruction given was irrelevant. But, where, as in the case at bar, it appears that the plaintiff with full knowledge of the error into which the trial Judge had fallen, expressly withdrew a request for a more definite instruction, the tenor of which might well have directed the trial Court's attention to the irrelevancy of the 1924 statute, the conclusion that he thereby waived the right to take advantage of the error on appeal is, we think, clearly required.

Appellant's second point (exception 6) imputing error to the Circuit Judge in failing to charge the jury fully and correctly as to the statutory requirement with respect to lights on automobiles, is, for substantially the same reasons, likewise untenable. The Court instructed the jury as to certain statutory requirements in regard to lights on automobiles. If the charge was not sufficiently comprehensive and complete, a request for the additional instructions deemed pertinent to the issues should have been made in apt time. *Jones v. Hiers,* 57 S. C., 427; 35 S. E., 748. *Lowrimore v. Palmer Mfg. Co.,* 60 S. C., 153; 38 S. E., 430. *Bowen v. So. Ry. Co.,* 58 S. C., 222; 36 S. E., 590. *Brickman v. So. Ry. Co.,* 74 S. C., 306; 54 S. E., 553. *Sandel v. State,* 122 S. C., 268; 115 S. E., 302. *McNinch v. City of Columbia,* 128 S. C., 54; 122 S. E., 403.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and COTHRAN, and ACTING ASSOCIATE JUSTICES R. O. PURDY and C. J. RAMAGE concur.