15281

SMITH v. BULMAN

(15 S. E. (2d), 635)

March 18, 1941.

*Mr. W. G. Sirrine,* of Greenville, for appellant,

*Mr. Benjamin A. Bolt,* of Greenville, for respondent,

June 23, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE L. D. LIDE.

This action to recover the statutory penalty for the alleged collection of usurious interest resulted in a verdict for the defendant at the trial in the Greenville County Court on November 6, 1940. Thereafter the County Judge overruled the plaintiff's motion for a new trial, whereupon the cause was brought to this Court upon exceptions charging

the trial Judge with error; in certain statements made by him when considering defendant's motion for a nonsuit; in overruling the motion for a new trial, and in the course of his charge to the jury.

At the close of the testimony for the plaintiff a motion for a nonsuit was made by counsel for the defendant, which was refused by the trial Judge. In considering this motion, in the absence of the jury, he made some comments upon the law relating to the case, about which complaint is made in certain of the exceptions. However, the refusal of the nonsuit was of course favorable to the plaintiff, and the passing remarks made by the Court in the absence of the jury as to certain principles of law could not have been prejudicial to her, and hence we need not consider whether they were accurate or not.

Among the exceptions to the denial of the motion for a new trial are the rather unusual ones to the effect that the Court should have ordered a continuance of the case because of the absence of the defendant, and because it was stated in open Court that he was suffering from heart trouble and had been informed by his physician that it might be dangerous for him "to come upstairs to Court." There was no motion whatever made by plaintiff for a continuance of the cause, and the defendant's counsel announced that in view of the fact that it had been on the calendar so long he had decided to go ahead with the trial notwithstanding the absence of his client. It is indeed a rare case where a plaintiff deems the absence of the defendant prejudicial, and certainly under the facts shown by the record here this was no ground for the granting of a new trial.

The other exceptions to the refusal of the motion for a new trial likewise really point out no errors of law, but as stated in the final exception it is contended that the verdict was against the greater weight of the evidence and in plaintiff's view contrary to the "requirements of justice."

The complaint herein alleges that the plaintiff borrowed from the defendant in December, 1934, the sum of $20.00 for which she gave a promissory note, and that for the period of three years the defendant required her to pay him, and that she did pay him, the sum of $4.00 per month on account of interest on the loan, such interest payments amounting in all to the sum of $144.00 and that by reason of the collection of such usurious interest she is entitled to recover double the amount thereof, to wit, $288.00, less the sum of $20.00 originally borrowed. The answer was a general denial. And the plaintiff was allowed to amend her complaint during the trial by alleging "that the transaction of the defendant was one continuing transaction and that the monthly renewals, so called, by the defendant here today were nothing but an evasion of the law, and that no new money passed." It will thus be seen that the charge is made that $144.00 was collected by way of interest over a period of three years for a loan of $20.00 only, and that there was a scheme whereby "monthly renewals" were taken to camouflage the collection of usurious interest. Consequently if the allegations of the complaint are true it was a most flagrant violation of the laws against usury. But the plaintiff's difficulty is that the jury evidently concluded from her own testimony that she had failed to prove her case, and hence returned a verdict for the defendant.

It should be stated that the only testimony offered in the case was that of the plaintiff herself, and there was no evidence of any kind adduced by the defendant, except that during the course of the examination of the plaintiff she admitted the execution to him of a note and mortgage dated December 1, 1937, which were then introduced in evidence by the defendant. This note was for the principal sum of $20.00, payable January 1, 1938, providing for a discount fee of $1.00, and was secured by a chattel mortgage. The plaintiff admitted that this note was for the sum of $20.00 borrowed when it was given, which does not appear to con-

form to the allegations of the complaint even as amended. Indeed, we have read and reread the plaintiff's testimony as contained in the Transcript of Record, and we fully concur with the following statement quoted from the trial Judge's order refusing a new trial:

"The testimony of the plaintiff was very vague, indefinite and uncertain as to her transactions with the defendant, and I am unable to determine or arrive at any definite conclusions as to just what her transactions were with the defendants."

In other words, it is practically impossible to determine from her testimony just what amount of money she claims to have borrowed from the defendant over the period in question, and just what amount she claims to have paid him by way of interest. The trial Judge appears to have been well justified in refusing a new trial.

But it is contended by the appellant that the Court ■■ erred in his charge to the jury for the reason that he charged the terms and provisions of the Act approved May 10, 1935, No. 270, Acts 1935, 39 St. at Large, page 382, which provides, among other things, as to certain loans "that a minimum charge of one dollar may be made in lieu of interest"; and that he charged one of defendant's requests as follows:

"I charge you that one engaged in the business of lending money may make a minimum charge of One ($1.00) Dollar on a loan in lieu of interest, and if you find from the evidence that the defendant only made a charge of One ($1.00) Dollar, and that it was in lieu of interest your verdict will be for the defendant."

After charging this request the trial Judge stated that it was in accordance with the 1935 Act.

The point was not raised in the Court below by motion for a new trial or otherwise, but it is contended here that since the 1935 Act in question relates only to "Banks, Banking Institutions, and other lending agencies doing business in this State," the defendant does not come within its terms.

The defendant is sued in his individual name "doing business as Southern Security Company," and it is alleged that he was doing business in No. 4, Mauldin Building, Greenville, S. C.; and the note and mortgage introduced in evidence were executed to Southern Security Company.

We do not think the phrase "other lending agencies" can be regarded as mere surplusage so as to limit the Act to banks and banking institutions, or that it can be reasonably restricted to corporations alone; but on the contrary, that it is broad enough to include persons, firms and corporations engaged in the business of lending money in this State. In this connection, we observe that counsel for appellant makes repeated reference in his arguments, both original and reply, to Section 6739, Code 1932, but Judge Hodges explicitly based his charge on this subject upon the later Act of 1935, above referred to. However, it will be noted that Section 6739 is not limited to banks or other corporations.

Moreover, when counsel conceives that a statute charged by the Court is irrelevant to any issue involved in the cause, he should bring this to the attention of the presiding Judge, and the failure to do so will generally be deemed a waiver of the point. As was said in the case of *DeLorme v. Strauss,* 127 S. C., 459, 121 S. E., 370, 373:

"Appellant failed to call [to] the court's attention that it [the charge] was irrelevant to the issues and cannot be a reversible error, and it was not urged in the motion for a new trial, and [was] never before the trial judge."

The quoted words aptly apply to the instant case, for the point in question was not called to the Court's attention, and does not appear to have been urged (or even suggested) in the motion for a new trial, and was never before the trial Judge. See, also, *Watson v. Sprott,* 134 S. C., 367, 133 S. E., 27.

Counsel for the defendant gave due notice that he would ask that the judgment also be sustained on the ground that

the County Judge should have granted a nonsuit or directed a verdict pursuant to his motions. And it should be stated here that in addition to the motion for a nonsuit hereinbefore referred to, the defendant also moved for a directed verdict upon the same ground slightly enlarged. But in view of our conclusion that the exceptions of the appellant should be overruled, all of which we have carefully considered whether hereinbefore specifically mentioned or not, it is unnecessary to pass upon the sustaining ground.

The judgment of the County Court is affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.