### Charles A. Shortle, Jr., et al. v. Central Vermont Public Service Corporation

[365 A.2d 256]

No. 317-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed October 5, 1976

Motion for Reargument Denied October 22, 1976

*Bloomer & Bloomer*, Rutland, for Plaintiffs.

*Allan R. Keyes* of *Ryan, Smith & Carbine, Ltd.*, Rutland, for Defendant.

**Daley, J.** In a civil action brought in the Rutland Superior Court, the plaintiffs Charles and Joan Shortle sought to recover compensatory and punitive damages for injuries to an apartment building owned by them in the City of Rutland. They alleged that the injury was caused by the negligent, reckless and wanton termination of electrical service to the building by the defendant Central Vermont Public Service Corporation. The compensatory damages sought was the difference in the fair market value of their property as it was before the injury and the fair market value immediately after the injury. The case was tried without a jury. The Rutland Superior Court, by oral findings and conclusions placed upon the record, found that the defendant had negligently terminated the electrical service to the apartment building and awarded damages in the amount of $119.00, together with costs and interest. The court also found that the plaintiffs were not entitled to punitive damages. From the judgment, the plaintiffs appeal the trial court's determinations as to damages. The defendant does not dispute the question of its liability.

Our review of the record shows that the sole witness testifying in support of the complaint on the issue of damages was

one of the plaintiffs. His uncontroverted testimony revealed that, on or about March 1, 1974, he made an inspection of the ground floor apartment in the building. During the course of this inspection, the plaintiff found water emitting from a pipe onto one of the walls in the bathroom. He also discovered that no electrical current was being supplied to the furnace located in the cellar. He further found that an entire section of this cellar was virtually flooded. Several broken pipes were found in the cellar. The plaintiff, after arranging to have the defendant resume the electrical service to the building, hired a plumber to hook up three or four pipes so that the heating process could be continued in order to avoid further damage to the premises. A few months after this incident, the plaintiffs sold the property without having made any further repairs to the plumbing or any other portion of the building.

At the trial, the plaintiff testified that, in his opinion, the fair market value of the property before the incident was $23,000.00. He further testified that because of the damages from the wrongful termination of the electrical service, the fair market value of the property was diminished to $18,000.00. This $5,000.00 difference in fair market value was the basis of the plaintiffs' claim for compensatory damages. In addition, the plaintiffs introduced evidence of the expenditures they were forced to make in order to temporarily repair the pipes. No evidence was presented by the plaintiffs as to whether the damages to the building were permanent or temporary in nature.

■ The trial court, in its oral findings and conclusions, determined that, in the absence of evidence as to the permanent nature of the damages, the damages sustained were temporary. The court then held that the proper measure of damages was to be the costs of repair to the pipes. By so doing, it totally failed to pass upon the uncontradicted testimony of the plaintiff as to the change in fair market value of the building resulting from the injuries. As this Court stated in *Potwin* v. *Tucker*, 126 Vt. 414, 417, 234 A.2d 430 (1967):

Some evidence, because it is not only critically relevant, but also is uncontroverted and of undeniable credibility, requires recognition in findings as a matter of law.

While uncontroverted opinion testimony does not as a matter of law establish any material fact nor does it operate to mandate a finding in favor of the party producing such testimony, *International Association of Firefighters* v. *City of Montpelier,* 133 Vt. 175, 178, 332 A.2d 795 (1975); *Vermont Terminal Corp.* v. *State Highway Board,* 132 Vt. 1, 6, 313 A.2d 12 (1973), the testimony of the plaintiff as to the change in fair market value was such as to require at least some recognition by the trial court in its findings. The plaintiff, as an owner of the property, was a competent witness to testify concerning the value of his property. 12 V.S.A. § 1604. The weight to be given the owner's opinion was a matter for the trier of fact. *Fiske* v. *State Highway Board,* 124 Vt. 87, 94, 197 A.2d 790 (1964). The trial court, as the trier of fact, was entitled to find the plaintiff's testimony to be insufficient. But because his testimony was undisputed, critical and relevant, the court was required by law to weigh it. The failure of the court to accept or reject this testimony left the plaintiffs in a position where the issues raised by their pleadings, as well as their evidence and their theory of damages, remained unresolved. The failure of the trial court to indicate in its findings its evaluation of the plaintiff's testimony constituted reversible error.

Although the cause will be reversed and remanded for a new hearing upon the issue of damages, we do not intend to make any suggestion as to the sufficiency of the proof offered by the plaintiffs in support of their claim for damages. We do, however, point out that the application of the rule set forth in *Bean* v. *Sears, Roebuck & Co.,* 129 Vt. 278, 282, 276 A.2d 613 (1971) is flexible and "depends upon the character of the property and the nature and extent of the injury".

It will not be necessary for us to pass upon the other claims of error made by the plaintiffs.

*Judgment of liability affirmed. Cause remanded for a new trial on the issue of damages.*