**William F. Jackson v. Constance A. Jackson**

[432 A.2d 1181]

No. 132-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Monte & Monte,* Barre, for Plaintiff.

*Valsangiacomo & Detora, P.C.,* Barre, for Defendant.

**Larrow, J.** The defendant wife appeals those aspects of a divorce judgment dealing with disposition of property, claiming evidentiary error and an unsupportable property division. There is no claim of prejudice from an unexplained delay of some seven months between hearing and findings, although, as we have pointed out previously, such delays reflect most seriously upon our judicial system as a whole.

The parties were married some twenty years. They had two children, one of whom was a 16 year old minor at time of hearing. The minor son had alcohol and marijuana problems and needed medical treatment. Defendant was cohabiting with a male friend whom she planned to marry, and also had an alcohol problem. The marriage had been a stormy one in its final years. Custody of the minor son was awarded to plaintiff, and this is not contested on appeal.

The parties owned a home in Williamstown, Vermont, valued by the court at $25,000, subject to $7,400 indebtedness. It contained some $1,500 in furnishings, as found. The home and furnishings were decreed to plaintiff, with $5,000 to be paid defendant without interest in event of sale, but no later than April 4, 1985. Other personal property was decreed to the party in possession, a provision not here contested. No alimony was awarded. The plaintiff, often working two jobs, was found to have paid most of the family expenses, with some assistance from defendant. He was also found to be assisting the older child with college expenses, and to have recently paid a $1,000 clothing bill of the defendant.

The first claimed error is so inadequately briefed by both parties that we would be justified in ignoring it altogether. The trial court admitted testimony by the plaintiff that he had applied for a $5,000 loan to settle with his wife, later found that he had insufficient cash to make a lump sum settlement, and awarded her $5,000 payable as above outlined. We are cited only to the general proposition that an offer of

compromise is not admissible as an admission of liability. The proposition is generally recognized, and were liability here a subject of dispute, reception of and reliance upon such evidence could well lead to reversal. But liability here needs no evidence to support its imposition; it is a creature of statute. That statute is 15 V.S.A. § 751, requiring "just and equitable" division of the property of the parties. We have most recently explained its provisions in *Colm* v. *Colm,* 137 Vt. 487, 491, 407 A.2d 184, 186 (1979):

> Even more important, the statute instructs the judge to have regard for the source of the property, not as the single, or by any means governing, consideration in decreeing the property. It also subjects it to concerns about the respective merits of the parties, to the condition in which each will be left by the divorce, to the burdens imposed for the benefit of the children, as well as general justice and equity. . . . The discretion accorded the court is wide, not to be overturned without a showing of abuse or withholding of that discretion. (Citations omitted.)

The liability for division exists by statute, and no prejudice is shown by admitting evidence tending merely to confirm it. Beyond that, it was material on the important issue of ability to pay and the general equities between the parties, particularly in light of the obligations of the father to the two children of the marriage. The trial court must have so regarded it, because it excluded evidence tending to show that that amount was actually offered to the defendant. No error appears in this respect.

■■ Defendant next attacks the trial court's finding that the fair market value of the home premises was $25,000. This was the approximate figure put on it by the plaintiff, while defendant and her expert witness, by an appraisal stipulated into evidence, put it at $35,000. Plaintiff, as an owner, was competent to testify as to the value of the property involved. 12 V.S.A. § 1604. And the weight to be given his testimony is a matter for the trier of fact. *Shortle* v. *Central Vermont Public Service Corp.,* 134 Vt. 486, 365 A.2d 256 (1976). We cannot subscribe to the proposition that the opinion of an expert in the field, however recognized, is necessarily con-

trolling. It is to be treated in the same manner as other testimony, does not establish any material fact as a matter of law, and is not of controlling effect. *Valente* v. *Commercial Insurance Co.*, 126 Vt. 455, 461, 236 A.2d 241, 245 (1967). No error appears in the challenged finding.

Defendant's last argument is largely factual, and so is the answer to it. She claims an abuse of discretion by the trial court in giving her only $5,000 deferred payment for her interest in the property. In our quotation from *Colm* v. *Colm*, *supra*, we have already reviewed the criteria for the wide discretion afforded the trial court in this respect. The infidelities and misconduct of the defendant, standing alone, probably meet those criteria. They certainly do so when coupled with plaintiff's preponderance of contribution to the existing equity, and the burden of support and other problems left to him under the decree. Equity does not require the plaintiff to supply a dowry for defendant's impending marriage.

*Judgment affirmed.*