## Janet M. REED v. Norman BOUCHARD d/b/a Bouchard's Excavating

[513 A.2d 42]

No. 84-308

June 20, 1986. The testimony of the plaintiff, objected to as a matter for an expert, was rationally based upon her perceptions, V.R.E. 701, and fell within the scope of common experience, see *South Burlington School District* v. *Calcagni-Frazier-Zajchowski Architects, Inc.*, 138 Vt. 33, 46, 410 A.2d 1359, 1365 (1980). Therefore, it was properly admissible.

We find no error in the court's ruling as to the contract formed or the damages awarded.

*Affirmed.*

## Kenneth E. GOODE v. STATE of Vermont

[514 A.2d 322]

No. 85-408

July 1, 1986. The State of Vermont moved to dismiss, alleging that the statute of limitations had run on the cause of action alleged in plaintiff's complaint. Plaintiff's response to the motion to dismiss indicated that he suffered "vast emotional trauma" as a result of the events of September 11, 1978, and was emotionally unable to construct his complaint before July 15, 1985.

It is the law in Vermont that insanity tolls the running of the statute of limitations. 12 V.S.A. § 551. A person may be insane, within the meaning of the statute of limitations, when his mental disability makes him unable to manage his business affairs or estate, or to comprehend his legal rights and liabilities. *Goewey* v. *United States*, 612 F.2d 539, 544 (Ct. Cl. 1979).

The record is insufficient for this Court to determine whether plaintiff suffered a mental disability which prevented him from comprehending his legal rights.

*Remanded to the Bennington Superior Court for a determination of whether plaintiff's mental condition prevented him from comprehending his rights, thus rendering him insane within the meaning of 12 V.S.A. § 551, and for such other proceedings as may be appropriate.*