### Kenneth E. GOODE v. STATE of Vermont

[553 A.2d 142]

No. 87-014

■

August 30, 1988. In Goode v. State, 147 Vt. 646, 514 A.2d 322 (1986) (mem.), this Court reversed the dismissal of plaintiff's complaint and remanded for fact finding on his claim that the statute of limitations, which the trial court found had run, was tolled by plaintiff's insanity. See 12 V.S.A. § 551. On remand the trial court found that the statute of limitations was not tolled and again dismissed the action because: (1) according to his testimony plaintiff was insane solely with respect to this litigation and could function in all other parts of his life, and, thus, in the court's view, was not "insane"; and (2) the court did not believe the expert testimony offered by plaintiff personally as an expert witness.

We agree with the trial court that the tolling provision, 12 V.S.A. § 551, requires more than a mental impairment affecting solely the lawsuit in issue. McCarthy v. Volkswagen of America, Inc., 55 N.Y.2d 543, 435 N.E.2d 1072, 450 N.Y.S. 2d 457 (1980); Decker v. Fink, 47 Md. App. 202, 422

A.2d 389 (1980); see also *Harrington v. County of Ramsey*, 279 N.W.2d 791, 795 (Minn. 1979) (insanity means "substantial inability, by reason of mental defect or deficiency, to understand one's legal rights, manage one's affairs, and prosecute the claim."); *Goewey v. United States*, 612 F.2d 539, 544 (Ct. Cl. 1979) (term "insane" means "a condition of mental derangement which renders the sufferer incapable of caring for his property, of transacting business, of understanding the nature and effect of his acts, and of comprehending his legal rights and liabilities."). Since the trial court found, based on plaintiff's testimony, that plaintiff was in no other way disabled in his life and could handle every aspect of his life including business and legal responsibilities except those connected with this suit, the court correctly found that plaintiff did not come within the tolling provision.

The trial court also acted within its discretion in rejecting the expert testimony supplied by plaintiff testifying as a psychologist. Plaintiff had the burden of proof to show he came within the tolling provision. *Merrill v. Reville*, 135 Vt. 517, 521, 380 A.2d 96, 98-99 (1977). His only evidence in support of his position was his own testimony. While the trial court is required to consider and weigh expert testimony, it is not required to accept it even if the expert testimony is undisputed. *Shortle v. Central Vt. Pub. Serv. Corp.*, 134 Vt. 486, 489, 365 A.2d 256, 258 (1976). The findings show that the trial court considered and weighed the testimony. Accordingly, the court's determination that plaintiff failed to meet his burden of proof must be sustained.

*Affirmed.*